LORI LOWENTHAL MARCUS (Pro Hac Vice)
lorilowenthalmarcus@deborahproject.org
JEROME M. MARCUS (Pro Hac Vice)
jmarcus@marcuslaw.us
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 664-1184

ROBERT PATRICK STICHT (SBN 138586)
rsticht@judicialwatch.org
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199

Attorneys for Plaintiffs

*See next page for additional counsel*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, JOHN DOE, AND JANE DOES 1-5,**<br><br>Plaintiffs,<br><br>v.<br><br>**LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM; UNITED TEACHERS OF LOS ANGELES; CECILY MYART-CRUZ, THERESA MONTANO, AND GUADALUPE CARRASCO CARDONA, in their individual and official capacities as public employees; AND DOES 1-10,**<br><br>Defendants,<br><br>and<br><br>**LOS ANGELES UNIFIED SCHOOL DISTRICT,**<br><br>**Nominal Defendant.** | Case No. 2:22-cv-03243-FMO (PVCx)<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND THIS COURT'S ORDER OF NOVEMBER 2, 2022**<br><br>SCHEDULING CONFERENCE DATE:   DECEMBER 22, 2022 |

IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
LISA C. DEMIDOVICH (SBN 245836)
ldemidovich@bushgottlieb.com
ADAM KORNETSKY (SBN 336919)
akornetsky@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for Defendants United Teachers
Los Angeles; Cecily Myart-Cruz


MARK ALLEN KLEIMAN (SBN 115919)
mkleiman@quitam.org
KLEIMAN RAJARAM
12121 Wilshire Boulevard Suite 810
Los Angeles, California 90025
Telephone: 310.392-5455
Facsimile: 310.306-8491

Attorneys for Defendants Liberated Ethnic Studies
Model Curriculum Consortium; Theresa Montaño,
and Guadalupe Carrasco Cardona


MICHELE M. GOLDSMITH
mgoldsmith@bdglawfirm
GEORGE G. ROMAIN
gromain@bdgfirm.com
BDG LAW GROUP, APLC
10880 Wilshire Blvd., Suite 1015
Los Angeles, California 90024
Telephone: (310) 470-6110
Facsimile: (310) 474-0931

Attorneys for the Defendant Los Angeles Unified
School District

**TO THIS HONORABLE COURT:**

The parties submit this report pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order of November 2, 2022.

**A. Statement of the Case: A short synopsis (not to exceed two pages) of the main claims, counterclaims and affirmative defenses.**

Plaintiffs' Position:

This case challenges the use in Los Angeles public school classrooms of an overtly racist and antisemitic curriculum and teaching materials whose use has already been explicitly barred by the State of California. That mandate has been expressed both by Governor Newsom, who directed that the materials here at issue "should not be used," Complaint ¶82, and by the California Legislature, ¶83, which, in the statute requiring that Ethnic Studies be taught in California, chose to explicitly direct "that local educational agencies not use" these materials. The case does not, therefore, ask this Court to determine what should be taught in LA public schools: it simply seeks enforcement of the mandate of the State of California that these antisemitic and racist materials not be used in LA public schools, both because the State California has reviewed them and banned their use, and because their use violates an array of federal and state provisions barring the use in public schools of materials that are racist and that discriminate on the basis of nationality, ethnicity, and religion. Neither does this case ask this Court to resolve questions of religious belief; instead, it seeks only enforcement of the rights of plaintiffs to their own sincerely held religious beliefs, and to their right not to have publicly funded teachers denounce those beliefs on the public dime, using their publicly funded teachers' podium to drive public expression of and support for those beliefs out of the public square.

The relief sought is limited to an end to the use of that curriculum in the Los Angeles public schools. The complaint charges that Defendants Liberated Ethnic Studies Model Curriculum Consortium and its officers, and the teachers union United Teachers of Los Angeles and its president have taken effective control of the ethnic studies curriculum in Los Angeles public schools, effecting that control in

significant part by instructing teachers to hide their use of the curriculum and teaching materials propounded by these Defendants. The Complaint seeks absolutely nothing other than an end to these practices. It does not seek any judicial limitation on Defendants' advocacy, to the LAUSD or anywhere else, regarding what should be taught in LAUSD schools.

Defendants, a labor union and consortium of "experts" on Ethnic Studies, are named here because – as the Complaint clearly alleges – they have taken effective control of the content of LAUSD teaching. This is a public function, as Defendants do not dispute. No regulation of the private conduct of private parties is at issue in this case. No immunity of any kind protects Defendants, because, as the Complaint alleges clearly and in detail, Defendants' explicitly stated intent is to suppress public expression of, and advocacy for, Plaintiffs' sincerely held religious belief. Such intent is manifest in Defendants' proudly broadcast assertion that California's Governor and Legisalture were simply wrong in barring the use of the materials here at issue, and so Defendants' intention to use them in explicit contravention of, and violation of, that ban. Complaint ¶¶9, 92 (quoting Defendant Myart-Cruz stating that "that the curricular material adopted by the State of California is 'not actually ethnic studies.'"

The dispute presented by this Complaint is ripe because, as the Complaint alleges in ¶2, LAUSD has since 2020 mandated that Ethnic Studies be taught in its schools and because, as a result of that mandate and Defendants' actions, the racist and antisemitic materials at issue in this case are being used, now in LAUSD. Conrtary to Defendants' contention in their Motions to Dismiss, this Complaint therefore does not relate to or challenge some future potential adoption of a curriculum. Rather, the Complaint therefore alleges that "Defendants are now inserting" these racist and antisemitic materials into LAUSD classrooms, ¶15, and so the Complaint alleges clearly that these materials, and their racist and antisemitic content, are, now, being used, now, to teach children in LAUSD. These actions by

Defendants are therefore, now, causing harm and making the threat of further harm imminent.  ¶¶29, 30.  Among the Defendants is Guadalupe Carrasco Cardona, who is now a teacher in LAUSD, who is now teaching Ethnic Studies in LAUSD, and who has stated explicitly that she is now using, and will continue to use, the racist and antisemitic teaching materials at issue in this case.  ¶45.

The Complaint charges that the use of these materials violates the Free Exercise clause of the First Amendment, because these teaching materials denounce a tenet of the Jewish faith which is adhered to by the individual plaintiffs and by a great many other Jews, and because Defendants have made clear that their intention, through the use of these materials, is to drive public expression and advocacy of that belief out of the public square and out of the Los Angeles public schools.  Complaint ¶¶11, 57, 59.  It charges as well that, for the same reason, the use of these teaching materials violates the Equal Protection clause of the Fourteenth Amendment, and Title VI of the Civil Rights Act of 1964.  Finally, the Complaint charges that the use of these teaching materials constitutes a violation of an array of California statutes which explicitly ban the use of teaching materials that discriminate on the basis of nationality, ethnicity, race and religion, and which require that such materials be public.

The Complaint does not seek any limitation on the speech of any person other than the content of what is taught in public school classrooms.

Defendants' Position:

Plaintiffs disagree with most of the Defendants—Theresa Montano, Guadalupe Carrasco Cardona, and the Liberated Ethnic Studies Model Curriculum Consortium (the "Liberated Defendants"), and United Teachers Los Angeles and Cecily Myart-Cruz (the "UTLA Defendants") over what should be taught in Ethnic Studies classes. Plaintiffs disagree with all Defendants (including the Los Angeles Unified School District [the "School District"]) over whether the School District or

850519v1 11250-32004                                 5                           Case No. 2:22-cv-03243-FMO (PVCx)

the federal courts should determine curriculum. Plaintiffs' abstract disagreement with the content of a potential curriculum that has not even been implemented is not an Article III case or controversy, nor does it implicate any of the laws cited in the Complaint. Plaintiffs have disguised this political disagreement as one that is based on religion or national origin when in fact it is neither. Like so many other issues, there is deep division. National surveys show that 38% of American Jews between 18 and 39 believe Israel is an apartheid state – and fully 20% of Israelis are Palestinian, so there is no factual basis to claim that any proposed curriculum, including one containing critical statements about Israel or Zionism -- is racist or anti-Semitic.

      Plaintiffs make claims in this Report that they did not dare to make in the Complaint itself. The Complaint never claims that any particular curriculum is in use in or by the School District, but merely that it *might* be used. The Complaint never claims that the Liberated Defendants and UTLA Defendants have "taken effective control" of the ethnic studies curriculum, or that the School District has adopted and/or is actually teaching this particular curriculum. Finally, Plaintiffs falsely claim in this report that they only seek to limit what can be taught in the classroom. This flatly denies what is in their own Prayer for Relief, paragraphs 2, 3, 4, 5b, 5c, 5d, 6a. 6b, and 7.

      Further, UTLA Defendants are private parties with no control, authority over, or responsibility for what public school teachers teach in the classroom, and they have never advised teachers to violate any law or conspired with anyone to violate the law. None of the causes of action apply to them; they are private parties, not state actors, being sued for advocacy protected by the First Amendment in a bald attempt to silence them.

B. **<u>Subject Matter Jurisdiction: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.</u>**

Plaintiffs' Position:

 This Court has jurisdiction over the case by operation of 28 U.S.C. Sections 1331 (federal question) and 1343 (violation of federally protected civil rights), and Section 1367 (ancillary jurisdiction over state law claims).  As noted above, state action is present here because Defendants have taken over the state function of determining the content of public school curriculum, and sought to preserve their control over that function by directing teachers both to use the racist and antisemitic material here at issue and to conceal and hide such use, from school administrators, other regulatory officials, parents and the public.

 The CJPTLA is an organization of Jewish LAUSD teachers and parents of LAUSD students, and it has standing because its members have been injured, and will continue to be injured, by the use of these materials.

Defendants' Position:

 There is none.  (1) Plaintiffs have not stated a concrete and particularized injury because no curriculum has been adopted and they do not allege their children have been taught anything at all or that they themselves have suffered unequal treatment or any other cognizable injury. The vague and speculative prospect of future harm is insufficient. (2) The CJPTLA is not a bona-fide organization, but merely an unincorporated hodge-podge of the same unharmed individuals, and there is no alleged injury to the organization itself.

**C.  Legal Issues: A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.**

Plaintiffs' Position:

The central questions posed by this case are:

- Whether the content of the teaching materials at issue is in fact racist and antisemitic.
- Whether Defendants have sufficient effective control over the use of these materials in the Los Angeles public schools that their actions are appropriately challenged as state action for purposes of the federal civil rights laws, and for purposes of the state laws barring the use of teaching materials infected by bias on the basis of nationality, ethnicity, religion or race.
- Whether a First Amendment right exists for the conduct of public school teachers during work time.

Defendants' Position:

The key legal issues are the following:

- Whether Plaintiffs have standing to bring this action.
- Whether Plaintiffs can proceed anonymously.
- Whether Plaintiffs' Operative Complaint calls upon this Court to rule upon non-justiciable political or sociopolitical controversies or disputes.
- Whether Plaintiffs' Operative Complaint calls upon this Court to rule upon non-justiciable religious controversies or disputes.
- Whether the School District is fulfilling a state function and as such enjoys 11th Amendment immunity.
- Whether any of the Liberated or UTLA Defendants have acted under color of state law, and if not, are therefore immune from liability on Counts I

and II.

- Whether any of the Liberated or UTLA Defendants are subject to Title VI (Count III).
- Whether, even if the Liberated or UTLA Defendants were state actors, they would enjoy qualified immunity.
- Whether Plaintiffs have any right to dictate what is taught in the public schools.
- Whether the relief Plaintiffs actually seek (as opposed to what they claim to seek in this report) is an unconstitutional prior restraint on speech.
- Whether anything any of the Defendants have done unduly burdens Plaintiffs' free exercise of their religion.
- Whether Plaintiffs have adequately stated a claim for municipal liability against the School District.
- Whether any of the Defendants have intentionally discriminated against Plaintiffs on account of Plaintiffs' race, religion or national origin.
- Whether any materials at issue promote a discriminatory bias and whether teachers/the District abused discretion in determining that any material at issue does not promote a discriminatory bias.
- Whether any of the state Education Code provisions invoked by Plaintiffs apply to private parties.
- Whether any of the state Education Code provisions invoked by Plaintiffs in Count V apply to this case.
- Whether the complained-of non-classroom activities of Liberated and UTLA Defendants are protected by the First Amendment, the *Noerr-Penningon Doctrine*, California Code of Civil Procedure section 47, and the California Educational Employment Relations Act [Cal. Gov't Code § 3543.5(a)-(c)]. Whether Plaintiffs' Prayer for Relief would call upon this Court to impose and unconstitutional restraint on Defendants' free speech.

D. **Parties, Evidence, etc.: A list of parties, percipient witnesses and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.**

Plaintiffs' Position:

      Plaintiffs are at this stage of the case able to identify as witnesses only the individuals named as Defendants in this action, who have led the organizations named as Defendants. As the Ninth Circuit has explained, anonymity will not affect the prosecution or defense of the claims in this case: "it is difficult to see 'how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case[,]' *Advanced Textile*, 214 F.3d at 1072, [because t]he Doe children bring claims of widespread discrimination." *Doe v. Kamehameha,* 596 F.3d 1036, 1043 (9th Cir. 2010). Plaintiffs have completed the process of meeting and conferring with Defendants regarding the filing of a motion for leave to proceed anonymously, and will file such a motion within the next five business days.

      Plaintiffs note that Defendants have challenged the sufficiency of the Complaint's allegations of state action as the basis for federal jurisdiction, and that state action is a jurisdictional fact. *Fonseca v. Kaiser Permanenta Medical Ctr Roseville,* 222 F.Supp.3d 850 (E.D. CA 2016), with respect to which discovery may be had even while a motion to dismiss is pending.

Defendants' Position:

      Defendants cannot identify witnesses beyond themselves as parties in part because the Plaintiffs refuse to disclose their identities. Defendants object to initial disclosures prior to resolution of their motions to dismiss and, as to UTLA Defendants, UTLA Defendants' Special Motion to Strike. Disclosures would be inappropriate in this case because the Plaintiffs refuse to disclose their identities and have not sought leave to proceed anonymously or been granted a protective order.

Further, providing initial disclosures prior to the resolution of the pending dispositive motions, which do not require discovery for resolution, would be unduly burdensome, wasteful, and harmful to the First Amendment rights of UTLA Defendants, Liberated Defendants, and members of the public, whose speech will be chilled by forced disclosures.  *See*, *e.g.*, *Mireskandari v. Daily Mail*, No. CV 12-02943 MMM (FFMx), 2013 U.S. Dist. LEXIS 199145, at *8-9 (C.D. Cal. Jan. 14, 2013).  The same grounds that Defendants will argue in their motions to stay discovery apply to their objections to initial disclosures.

Conflicts:

  Defendant Liberated Ethnic Studies Model Curriculum Consortium has no subsidiaries, parents, or affiliates.

  Defendant United Teachers Los Angeles is not incorporated.  It is affiliated with the National Education Association and the American Federation of Teachers.

  Defendant Los Angeles Unified School District is not incorporated.

E. **Insurance: Whether there is insurance coverage and the extent of such coverage.**

  Because no financial remedy is sought by Plaintiffs in this case, Plaintiffs believe this topic is irrelevant. The Liberated Defendants concur.

  Defendant United Teachers Los Angeles does not believe at this time it has applicable insurance coverage.

F. **Magistrate Judge: Whether the parties consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.**

  The parties have conferred and they are not in agreement that the matter should be tried or otherwise presided over by a magistrate judge.

G. **Discovery: A detailed discovery plan and a proposed discovery cutoff date. If the parties anticipate calling expert witnesses, they must propose a schedule for expert witness disclosures (initial and rebuttal) and expert discovery cut−off under Fed. R. Civ. P. 26(a)(2).**

The parties have conferred and agree that ten months is an appropriate period for fact discovery, to be followed by two months of expert discovery. Plaintiffs' position is that this is a sufficient discovery plan. Defendants' position is that, after the pending motions are decided and the scope of the claims, if any remain, is clear, the UTLA and School District Defendants, at a minimum, plan to serve RFPs, RFAs, and interrogatories, and conduct depositions of each individual Plaintiff.

H. **Motions: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.**

The plaintiffs believe that the Los Angeles Unified School District, which is currently a Nominal Defendant, may have to be added as an active Defendant.

Defendants at this time do not believe they will need to file any such motions.

I. **Class Certification: A proposed deadline for the filing of a class certification motion, if applicable.**

Not applicable

J. **Dispositive Motions: A proposed cutoff date for dispositive motions and a description of the issues or claims that any party believes may be determined by such motions.**

Plaintiffs' Position:

The Plaintiffs believe that dispositive motions should be filed no later than thirteen months from the date of the filing of this Rule 26(f) Report.

Defendants' Position:

The Defendants believe that dispositive motions should be filed no later than thirteen months from the date the pending dispositive motions are decided. Defendants have already filed what they expect are dispositive motions with the Motions to Dismiss and Special Motion to Strike the Plaintiffs' Second Amended Complaint. If any issues remain after the Court rules on those motions, the Defendants' dispositive motions will likely address each of the still-applicable legal issues identified in their submission under Paragraph C of this Report. UTLA Defendants will likely also file a new Special Motion to Strike under California's Anti-SLAPP law and Rule 56 addressing any remaining state law claims.

**K.     Settlement/Alternative Dispute Resolution (ADR): A statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed). Even if the parties receive a Notice to Parties of Court Directed ADR Program, the parties shall indicate their settlement preference regarding private mediation, the assigned Magistrate Judge or an attorney from the court's ADR Panel in the Rule 26(f) report. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of each corporate party, have appeared personally at an ADR proceeding.**

The parties have had limited settlement discussions over email and phone in connection with the pending motions to dismiss and UTLA Defendants' Special Motion to Strike, as well as the previous set of dispositive motions.

The parties believe they will be better able to assess the utility of alternative dispute resolution or settlement efforts after the court has ruled on the currently pending Motions to Dismiss, and UTLA Defendants are willing to engage in

mediation before the assigned Magistrate Judge or an attorney from the court's ADR Panel.

**L.** **Pretrial Conference and Trial: The proposed dates for the pretrial conference and trial.**

The parties have proposed the date of May 8, 2024 for the pretrial conference and the date of May 22, 2024 for the trial.

**M.** **Trial Estimate: A realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the estimate.**

Plaintiffs believe they will be able to present their case in three trial days, and estimate they will require fewer than ten witnesses to do so.

Liberated Defendants expect to present their case in 2 days and currently envision calling 5-6 witnesses.

UTLA Defendants expect to present their case in 2 days and currently envision calling 3-4 witnesses.

Defendant Los Angeles Unified School District expects to present its case in 2-3 days and currently envisions calling 3-4 witnesses.

**N.** **Trial Counsel: The name(s) of the attorney(s) who will try the case.**

Jerome M. Marcus and Lori Lowenthal Marcus are expected to be trial counsel for Plaintiffs.

Lisa Demidovich is expected to be lead trial counsel for the UTLA Defendants.

Mark Kleiman is trial counsel for the Liberated Defendants.

1  Michele M. Goldsmith is trial counsel for the Los Angeles Unified School
2  District.

4  **O.  Independent Expert or Master: Whether this is a case where the court**
5  **should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an**
6  **independent scientific expert. (The appointment of a master may be**
7  **especially appropriate if there are likely to be substantial discovery**
8  **disputes, numerous claims to be construed in connection with a summary**
9  **judgment motion, a lengthy Daubert hearing, a resolution of a difficult**
10 **computation of damages, etc.)**

12 The parties do not believe that an independent expert or master will be helpful
13 in this case.

15 **P.  Other Issues: A statement of any other issues affecting the status or**
16 **management of the case (e.g., unusually complicated technical or**
17 **technological issues, disputes over protective orders, extraordinarily**
18 **voluminous document production, non-English speaking witnesses, ADA-**
19 **related issues, discovery in foreign jurisdictions, etc.) and any proposals**
20 **concerning severance, bifurcation or other ordering of proof.  The Joint**
21 **Rule 26(f) Report should set forth the above described Information**
22 **under section headings corresponding to those in this Order.**

Plaintiffs' Position:

None.  Plaintiff offered on November 10, 2022 to negotiate the terms of any necessary protective order, and to maintain as "Attorneys' Eyes Only" any documents produced in discovery until a protective order is in place.  Defendants have never taken up Plaintiffs' offer to negotiate the terms of any such order; they

have never identified any items of discovery that would need to be subject to such an order; and they have never explained why an "Attorney's Eyes Only" provision would not protect any legitimate interests until a Protective Order is put in place either by agreement of the parties or by Order of this Court.

Defendants' Position:

     Liberated and UTLA Defendants will today file Motions to Stay Discovery pending resolution of dispositive motions and if the stay is not granted expect there will not be agreement between Plaintiffs and Defendants regarding a Protective Order, so further motions will have to be filed.

Dated:  December 8, 2022        Respectfully submitted,

THE DEBORAH PROJECT

By:  */s/ Lori Lowenthal Marcus*
      LORI LOWENTHAL MARCUS

By:  */s/ Jerome M. Marcus*
      JEROME M. MARCUS

JUDICIAL WATCH, INC.

By:  */s/ Robert Patrick Sticht.*
      ROBERT PATRICK STICHT

Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | DATED: December 8, 2022 | IRA L. GOTTLIEB |
| 2 | | LISA C. DEMIDOVICH |
| | | ADAM KORNETSKY |
| 3 | | BUSH GOTTLIEB, A Law Corporation |

By:     /s/
      ADAM KORNETSKY

Attorneys for United Teachers Los Angeles and Cecily Myart-Cruz

DATED: December 8, 2022    MARK ALLEN KLEIMAN
                                                    KLEIMAN RAJARAM

By:     /s/
      MARK ALLEN KLEIMAN

Attorneys for Theresa Montaño, Guadalupe Cardona, and the Liberated Ethnic Studies Model Curriculum Consortium

DATED: December 8, 2022    MICHELE M. GOLDSMITH
                                                    GEORGE G. ROMAIN
                                                    BDG LAW GROUP, APLC

By:     /s/
      MICHELE M. GOLDSMITH

Attorneys for Los Angeles Unified School District

**<u>Signature Attestation</u>**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed,

1  and on whose behalf this filing is submitted, concur in the filing's content and have
2  authorized the filing.

3  Dated:  December 8, 2022            JUDICIAL WATCH, INC.

                                By:   /s/ Robert Patrick Sticht.
                                      ROBERT PATRICK STICHT

                                      Attorneys for Plaintiffs