UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Proceed Under Pseudonym [94]

## BACKGROUND

An unincorporated association, the Concerned Jewish Parents and Teachers of Los Angeles, along with six individuals using the pseudonyms Jane or John Doe ("Doe plaintiffs") initiated this action on May 22, 2022. (See Dkt. 1, Complaint). On September 16, 2022, plaintiffs filed the operative First Amended Complaint [] (Dkt. 62, "FAC"), which asserts claims for violation of: (1) the equal protection clause pursuant to 42 U.S.C. § 1983; (2) the free exercise clause pursuant to 42 U.S.C. § 1983; (3) Title VI of the Civil Rights Act of 1964; (4) California Education Code § 51500; and (5) California Education Code § 51225.3(a)(1)(G)(ii).  (See id. at ¶¶ 200-232). These claims revolve around the Liberated Ethnic Studies Model Curriculum ("LESMC"), which plaintiffs allege is taught in Los Angeles public schools. (See id.). According to plaintiffs, the LESMC "denounces capitalism, the nuclear family, and the territorial integrity of the lower 48 states of the United States[,]" (id. at ¶ 16), and is designed "to expunge the idea of Zionism, and the legitimacy of the existence of the State of Israel, from the public square[.]" (Id. at ¶ 57) Plaintiffs seek declaratory and injunctive relief, as well as attorney's fees and costs. (See id. pp. at 62-64).  With the instant Motion, the Doe plaintiffs seek leave to proceed anonymously. (See Dkt. 94, Motion for Leave to Proceed Under Pseudonym ("Motion") at 1).

Having reviewed and considered all briefing filed with respect to the Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## DISCUSSION

A party's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" Does I thru XXIII v. Advanced Textile Corp. ("Advanced Textile"), 214

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

F.3d 1058, 1067 (9th Cir. 2000) (citations omitted).  Nonetheless, the Ninth Circuit has "permitted parties to proceed anonymously when special circumstances justify secrecy."  Id.  In particular, courts may "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  Id. at 1068-69 (quoting United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir.1981));  Roe v. Skillz, Inc., 858 F.Appx. 240, 241 (9th Cir. 2021) ("[T]his Court has made clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases.").  Given the "presumption that parties' identities are public information, anonymity is only proper under special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  Skillz, 858 F.Appx. at 241 (internal quotation marks omitted).

"[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  Advanced Textile, 214 F.3d at 1068.  "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm[;] (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[;] and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution[.]"[1]  Id. (internal quotations, alterations, and citations omitted); see also Doe v. Ayers, 789 F.3d 944, 945-46 (9th Cir. 2015) (noting that proceeding under a pseudonym is a "high bar").  Courts apply a five-factor balancing test when a party seeks to sue anonymously based on retaliatory harm:  "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; (4) the prejudice to the opposing party; and (5) the public interest."  Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est. ("Kamehameha"), 596 F.3d 1036, 1042 (9th Cir. 2010) (internal quotation and alteration marks omitted).  Of these, the first and second factors are the most important.  Id. at 1043.

     A.    Severity of Threatened Harm and Reasonableness of Fear.

The first two factors – severity of the threatened harm and the reasonableness of the

---

[1] Where a party does not allege a risk of retaliatory harm (e.g., a party asserts privacy in sensitive and highly personal matters), courts engage in a condensed analysis that weighs:  (1) the party's interest in anonymity, including the severity of any likely harm; (2) prejudice to the opposing party; and (3) the public interest.  See Doe v. Wynn Resorts Ltd., 2023 WL 4561527, *3 (D. Nev. 2023); J.J. v. Olympia Sch. Dist., 2016 WL 3597784, *2 n.1 (W.D. Wash. 2016).  Because plaintiffs do not claim that "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature" or that lack of anonymity risks "criminal prosecution[,]" (see, generally, Dkt. 94, Motion at 1-7), the court considers only the first scenario, i.e., whether identification presents a risk of retaliatory harm.  See Advanced Textile, 214 F.3d at 1067-68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

anonymous party's fears – "are intricately related and should be addressed together." Kamehameha, 596 F.3d at 1043. Under these factors, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (emphasis omitted).

As an initial matter, the Doe plaintiffs have not established that they personally fear harm of any kind. (See, generally, Dkt. 94, Motion at 1-7); (Dkt. 104, Plaintiffs' Reply in Support of Plaintiffs' Motion at 2-8). None of them filed any declarations in support of the Motion. (See, generally, Dkt. 94, Motion); see also L. R. 7-6 ("Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone[.]"). Nor does the Declaration of Lori Lowenthal Marcus (Dkt. 94, "Marcus Decl."), counsel for plaintiffs, provide any basis, let alone an admissible basis, for the court to credit the Doe plaintiffs' purported fears.[2] (See, generally, id.). The Marcus Decl. states that "[e]ach of the persons who is an individual Plaintiff in this case . . . is willing to serve as a plaintiff only if they are allowed to proceed anonymously[,]" (id. at ¶ 5), and recounts three examples of non-plaintiffs who are alleged to have suffered harm as a result of their beliefs. (See id. at ¶ 6). But a desire to proceed anonymously is not tantamount to a fear of severe harm; nor will the court presume the existence of such a fear simply from a party's desire to use a pseudonym. Similarly, plaintiffs offer no basis for the court to impute the alleged experiences of non-plaintiffs to the Doe plaintiffs. (See, generally, Dkt. 94, Motion at 3-6).

Nevertheless, even assuming there is some valid basis for the Doe plaintiffs to fear some sort of harm, such fear – especially one as unsubstantiated and unsupported as the one before the court – is plainly unreasonable. See, e.g., Kamehameha, 596 F.3d at 1040-41, 1043 (no error in finding that fear was unreasonable where non-native Hawaiian children plaintiffs seeking admission to a traditional Hawaiian school faced online death threats and threats of beatings). As to the Doe plaintiffs who are parents, (see Dkt. 62, FAC at ¶¶ 21-27), they contend that the "[d]anger of harassment is particularly great here because the objects of the harassment . . . include children[.]" (Dkt. 94, Motion at 3-4). But plaintiffs provide only one example – of a non-plaintiff child – who allegedly felt "humiliated and embarrassed" after being told, "that's not what this is for[,]" when the non-plaintiff child raised the topic of anti-Jewish discrimination during a class discussion about discrimination against ethnic groups. (See id. at 5-6). This one example is plainly insufficient. For one, plaintiffs provide no argument or evidence that this student's

---

[2] The court is troubled by the lack and/or insufficiency of the evidence offered in support of plaintiffs' Motion. Plaintiffs rely only on a single, three-page declaration from counsel, (see Dkt. 94, Marcus Decl. at ¶¶ 1-8), as well as citations to various national news articles that report general trends in anti-Jewish violence. (See Dkt. 94, Motion at 6-7). Plaintiffs do not offer any declarations from any of the Doe plaintiffs – anonymously or not – and do not make any attempt to identify any specific harm that the Doe plaintiffs might suffer were the Motion to be denied. (See, generally, id. at 2-7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

experience is likely to be shared by the children of the Doe plaintiffs; nor is there any evidence or argument as to whether any of the Doe plaintiffs' children have (or had) the same teacher or even went to the same school as this alleged non-plaintiff student. (See, generally, id.). For another, none of the Doe plaintiffs' children are themselves plaintiffs. (See, generally, Dkt. 62, FAC at ¶¶ 21-27). Crucially, though, "[c]ommunity disagreement which results in embarrassment is not enough to support the use of pseudonyms." Am.'s Frontline Drs. v. Wilcox, 2022 WL 1514044, *3 (C.D. Cal. 2022) (internal quotation and alteration marks omitted); Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 2008 WL 4755674, *4 (D. Haw. 2008) (declining to find severe harm where, "[a]t most, Plaintiffs' evidence suggests they may be socially ostracized"); Day v. California Lutheran Univ., 2022 WL 2965769, *3 (C.D. Cal. 2022) ("[E]vidence that a party may face social ostracization, without more, does not establish that the threatened harm is severe."). Thus, the court is not persuaded that the Doe plaintiffs' fears of community disapproval or social ostracization reasonably constitutes severe harm.

As for the remaining Doe plaintiffs who are teachers or former teachers, (see Dkt. 62, FAC at ¶¶ 21-27), plaintiffs argue that "there has been retaliation by defendant UTLA against teachers because of their views on the issues at stake in this case." (Dkt. 94, Motion at 5). In support of this contention, plaintiffs state that their attorney was consulted by a non-plaintiff who "made public statements evidencing this person's opposition to UTLA's attack on Israel during the Gaza war in 2021[,]" (see id. at 5); (see also Dkt. 94, Marcus Decl. at ¶ 6), and who was asked to meet with the Los Angeles Unified School District ("LAUSD") regarding the statements. (Id.). Given that the investigation was ultimately dropped and the teacher was not punished, (see id.) – and putting aside the fact that the statement in the Marcus Decl. is inadmissible hearsay – the investigation cannot reasonably be relied upon as evidence of risk of a severe harm. This is particularly true where the specific conduct that incited the investigation – here, the statements and the forum in which they were made – are not before the court and, so, the court cannot gauge whether the substance of this lawsuit is meaningfully comparable to the substance of these statements. But even assuming, as plaintiffs seem to urge, that the Doe plaintiffs might face some risk to their jobs if the Motion were denied, the Ninth Circuit has "distinguished 'perhaps typical' fears of termination and blacklisting, which many plaintiffs face, from the 'extraordinary' harm required to justify granting anonymity." Wynn Resorts, 2023 WL 4561527, at *4 (quoting Advanced Textile, 214 F.3d at 1070-71). In short, plaintiffs have not demonstrated a risk of severe harm to the Doe plaintiffs who are current or former teachers.

Finally, the court cannot credit plaintiffs' citations to various news articles that report general examples of physical violence against Jewish people, (see Dkt. 94, Motion at 6-7), as these citations do nothing to show a particularized risk of physical harm to the Doe plaintiffs. See Kamehameha, 596 F.3d at 1043 ("[P]hysical harm presents the paradigmatic case for allowing anonymity."); see, e.g., Doe v. Lloyd, 2022 WL 19766613, *5 (C.D. Cal. 2022) ("[The] type of case without more particularized concerns and evidence is not enough to conclude that there is a fear of physical harm that rises to the necessary level to warrant maintaining the action with a pseudonym."); Doe v. NFL Enterprises, LLC, 2017 WL 697420, *2 (N.D. Cal. 2017) ("Plaintiff cites

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

no actual threat of any harm against her specifically.") (emphasis in original).

In short, the court is not persuaded that plaintiffs have established that the Doe plaintiffs fear severe harm, or that such a fear would be reasonable if it did exist.

      B.      Vulnerability to Retaliation.

The Doe plaintiffs, who are all adults, (see Dkt. 62, FAC at ¶¶ 21-27), make no argument as to whether any of them possess a particular vulnerability to retaliation. (See, generally, Dkt. 94, Motion at 3-6). Instead, they argue that the court should consider the vulnerability of the Doe plaintiffs' children. (See Dkt. 94, Motion at 4). But plaintiffs offer no support for the proposition that the court can consider the vulnerability of non-plaintiffs, (see, generally, id. at 3-5), and, in any event, plaintiffs have failed to establish a risk of severe harm to any non-plaintiff children. See Kamehameha 596 F.3d at 1042-44. Finally, as explained above, see supra at § A., even considering the vulnerability of non-plaintiff children to embarrassment or stigmatization, the fear of community disapproval or social ostracization is insufficient to constitute severe harm.

      C.      Prejudice to the Opposing Party and the Public's Interest.

With regard to the final two factors, plaintiffs argue that defendants would not be prejudiced and the public's interest would not be disserved by anonymity. (See Dkt. 94, Motion at 7-10). The court disagrees.

Given that the Doe plaintiffs' identities and interests are central to the questions of standing and mootness, permitting the Doe plaintiffs to proceed pseudonymously would hamstring defendants' ability to litigate the case, and require the court to expend limited judicial resources on a case over which it may lack jurisdiction. See Roe v. San Jose Unified Sch. Dist. Bd., 2021 WL 292035, *9 (N.D. Cal. 2021) ("This required guesswork may require the parties and the Court to expend time and resources on disputes that are not present in the instant case."). Thus, defendants would suffer prejudice were the Doe plaintiffs permitted to proceed anonymously.

Finally, plaintiffs argue that denial of the Motion would run counter to the public's interest, because the Doe plaintiffs would decline to pursue the case if they were not permitted to proceed anonymously. (See Dkt. 94, Motion at 8-9). However, were the court to credit such an argument, almost every case in which a plaintiff threatens to drop their lawsuit if not permitted to proceed anonymously would require a finding that the public interest favors anonymity. See U.S. v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008) ("Such a significant broadening of the circumstances in which we have permitted pseudonymity is contrary to our long-established policy of upholding the public's common law right of access to judicial proceedings, and contrary to our requirement that pseudonymity be limited to the unusual case.") (citations and internal quotation marks omitted). "Federal courts are courts of public record, and the strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

sought." Wynn Resorts, 2023 WL 4561527, at *7. Under the circumstances here, the Doe plaintiffs have not shown that their need for anonymity outweighs "the public's interest in knowing the party's identity." Advanced Textile, 214 F.3d at 1068.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion **(Document No. 94)** is **denied**.

2. Plaintiffs' FAC **(Document No. 62)** is **dismissed with leave to amend.**

3. No later than **October 2, 2023**, plaintiffs shall file a Second Amended Complaint that provides the true names of each Doe plaintiff, and their relationship to defendants including, but not limited to, the status of the Doe plaintiff (i.e., student, parent, teacher), the temporal scope of the Doe plaintiff's involvement with defendants, and the involved school, teacher, administrator, etc.

4. Defendants shall file an answer or motion pursuant to Federal Rule of Civil Procedure 12 no later than **October 16, 2023**.

5. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **October 10, 2023, at 10:00 a.m.**[3] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted, and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

6. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 22-3243 FMO (PVCx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

---

[3] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3243 FMO (PVCx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al. | | |

    7. Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

    8. In light of the foregoing, defendants' [] Motion to Dismiss [] **(Document No. 64)**, [] Motion to Strike [] **(Document No. 65)**, [] Motion to Dismiss [] **(Document No. 69)**, and [] Motion to Dismiss [] **(Document No. 71)**, are **denied as moot**.

    9. Defendants' Motions to Stay Discovery [] **(Document Nos. 82 & 85)** are **granted**. Discovery is stayed until the pleadings are at issue or as otherwise ordered by the court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |