1  MARK ALLEN KLEIMAN (SBN 115919)
2  mkleiman@quitam.org
   KLEIMAN RAJARAM
3  12121 Wilshire Boulevard   Suite 810
   Los Angeles, California  90025
4  Telephone:  310.392-5455
5  Facsimile:   310.306-8491

6  Counsel for Defendants Montaño,
7  Cardona & LESMCC

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

13

14  Concerned Jewish Parents and         )
    Teachers of Los Angeles, John and    )  Case No. 2:22-cv-03243-FMO (PVCx)
15  Jane Does 1-5,                       )
                                         )  **MONTANO, CARDONA AND
16               Plaintiffs,             )  LIBERATED ETHNIC STUDIES
                                         )  CURRICULUM CONSORTIUM
17  vs.                                  )  SPECIAL MOTION TO STRIKE
                                         )  [Cal. Code of Civ. Proc. § 425,16]**
18                                       )
    Liberated Ethnic Studies Model       )
19  Curriculum Consortium, et al.,       )  **Hearing Date**:   December 14, 2023
                                         )  **Hearing Time**:  10:00 A.M.
20               Defendants.             )
                                         )  Location:  First Street Courthouse
21                                       )             350 W. 1st Street
22  _____  )             Courtroom 6D
23

24

25

26  .

27

28

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on Thursday December 14, 2023, at 10:00

3    a.m. or as soon thereafter as counsel may be heard in the courtroom of the Honorable

4    Fernando M. Olguin, located in Courtroom 6D of the United States Courthouse, 350

5    West 1st Street, 6th Floor, Defendants Moñtano, Cardona, and the Liberated Ethnic

6    Studies Model Curriculum Consortium (jointly, "the LESMC defendants) shall bring a

7    Special Motion to Strike Counts IV and V, Plaintiffs' state law claims against moving

8    Defendants pursuant to *Cal. Code of Civil* Procedure (CCP) § 425.16.

9    This motion is made because:

10    (1)   All claims against the LESMC Defendants arise from acts and speech

11    protected under the United States and California Constitutions, and under CCP

12    §425.16 and in furtherance of their free speech rights.  Indeed the very acts Plaintiffs'

13    claims as a "conspiracy" involve the LESMC defendants sitting on a committee that is

14    seeking to influence a public body – the Los Angeles Unified School District. All of

15    the LESMC Defendants' statements and writings were closely related to efforts to

16    influence public officials about a matter of intense public interest – the Ethnic Studies

17    curriculum and the ongoing conflict between Palestine and Israel.

18    (2)   Plaintiffs cannot satisfy their burden of showing a probability they will

19    prevail on Counts IV or V because of the grounds stated in all of the Defendants'

20    motions to dismiss.

21    (3)   In the highly unlikely event that Plaintiffs survive the motions to dismiss,

22    the Plaintiffs could only defeat the anti-SLAPP motion by putting forth evidence that

23    the Los Angeles Unified School District, the only state actor in the case, intentionally

24    conspired with the LESMC Defendants.

25    (4)   Plaintiffs do not have standing because Article III requires concrete and

26    particularized harm that can be tied to the LESMC Defendants' conduct, and there is

27    none.  Standing also fails because Plaintiffs are seeking to turn this Court into a forum

28

to debate theology and geopolitics, neither of which are subjects for this Court to resolve.

(5)    California Education Code §220 does not apply because the LESMC defendants are not an educational institution receiving state aid, and because there is no evidence of a conspiracy between the LESMC Defendants and the LAUSD and the LESMC Defendants cannot be considered state actors or be shown to have conspired with the LAUSD. Nor can any defendant be shown to have the intent requisite for the Plaintiffs to bring such a charge.

(6)    The other Education Code theories fail for similar reasons.  None of these laws preclude advocacy to adopt or introduce instructional materials.

(7)    This motion was preceded by a two-hour Zoom meeting of all counsel, held on October 30, 2023 (*See* accompanying Declaration of Mark Kleiman).

DATED:  November 13, 2023                    KLEIMAN RAJARAM


By:_____

MARK KLEIMAN

Attorneys for Theresa Montaño,
Guadalupe Cardona, and the Liberated
Ethnic Studies Model Curriculum
Consortium

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.      INTRODUCTION ....................................................................................1

II.     STATEMENT OF ALLEGED FACTS ...........................................................1

III.    ARGUMENT...........................................................................................4

        A.      The Anti-SLAPP statute was enacted to protect against strike
                lawsuits aimed at free speech rights .........................................4

        B.      Prong 1:  The Allegations Against the LESMC Defendants
                Arise From Their Protected Free Speech and Acts in Furtherance
                of That Speech ...........................................................................6

        C.      Prong Two:  Plaintiffs cannot carry their burden of showing a
                probability of prevailing on their claims ...................................7

IV.     CONCLUSION .......................................................................................8

**MONTANO, CARDONA AND LIBERATED ETHNIC STUDIES CURRICULUM CONSORTIUM
SPECIAL MOTION TO STRIKE [CAL. CODE OF CIV. PROC. § 425,16]**

1

# <u>TABLE OF AUTHORITIES</u>

2

3

<u>Page</u>

4

*Barrett v. Rosenthal*,
   40 Cal. 4th 33,  n. 4 (2006)................................................................7

5

6

*Bonni v. St. Joseph Health Sys.*,
   11 Cal.5th 995, 1010-11 (2021)........................................................5

7

8

*Buzayan v. City of Davis Police Dep't*,
   2007 U.S. Dist. LEXIS 60032 (E.D. Cal. Aug. 8, 2007)................7

9

10

*City of Montebello v. Vasquez*,
   1 Cal. 5th 409 (2016) ........................................................................5

11

12

*Dean v. Kaiser Found. Health Plan, Inc.*,
   562 F. Supp. 3d 928 (C.D. Cal. 2022) .............................................5

13

14

*Doe v. Gangland Prods.*,
   730 F.3d 946 (9th Cir. 2013) ............................................................5

15

16

*Manufactured Home Communities, Inc. v. County of San Diego*,
   655 F.3d 1171 (9th Cir. 2011) ..........................................................5

17

18

*Martin Baker Aircraft Co. v. Teledyne Risi, Inc*,
   2020 U.S. Dist. LEXIS 186262, at *23...........................................5

19

20

*Okorie v. L.A. Unified Sch. Dist.*,
   14 Cal. App. 5th 574 (2017) .............................................................5

21

22

*Simpson Strong-Tie Co. v. Gore*,
   49 Cal. 4th 12 (2010) ........................................................................5

23

24

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ............................................................6

25

26

*United Mine Workers v. Pennington*,
   381 U.S. 657 (1965)..........................................................................6

27

28

ii

1

## <u>STATUTES</u>

CCP § 425.16(a) .......................................................................................................1

CCP § 425.16(b)(1)..............................................................................................1,5

CCP § 425.16(c)(1)................................................................................................6

CCP § 425.16(e)(3)................................................................................................6

## <u>CONSTITUTIONAL PROVISIONS</u>

First Amendment and Article I, §2 of the California Constitution ...........................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case, in which Plaintiffs seek a federal court order muzzling the speech of Ethnic Studies educators, epitomizes the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." that led to the enactment of our anti-SLAPP statute.  *CCP*, § 425.16(a). Because the LESMC defendants were so obviously engaged in speech on a matter of public importance, and because Plaintiffs seek to muzzle that speech, Plaintiffs can only proceed by showing it is probable that they will prevail, when they have no evidence to sustain this burden.  *Id.* § 425.16(b)(1).

The frivolous, malicious allegations in Plaintiff's third attempt to make out a case (Third Amended Complaint) all concern constitutionally protected speech or acts in furtherance of that speech. Because the LESMC defendants are private individuals and a private nonprofit group, Plaintiffs have concocted a spurious and baseless conspiracy theory – that the Los Angeles Unified School District is conspiring with the LESMC and the UTLA.  The whole purpose of this fiction is to chill speech and consume the Defendants' scarce resources.

Plaintiffs' hyperbole only proves that they are trying to use this Court to suppress ideas they dislike.  This is the very essence of why we have an Anti-SLAPP law.

Since further amendment of Counts IV and V would be futile, LESMC Defendants' Special Motion to Strike should be granted without allowing further amendments.

### II.    STATEMENT OF ALLEGED FACTS

Plaintiffs are a recently de-anonymized collection of people who do not work with any of the Consortium defendants and whose children are not taught by any of them. (Third Amended Complaint ⁋⁋ 25-29.)  Three are parents of LAUSD students and two teach at LAUSD.  Plaintiffs allege their informal association has members

1

**MONTANO, CARDONA AND LIBERATED ETHNIC STUDIES CURRICULUM CONSORTIUM
SPECIAL MOTION TO STRIKE [CAL. CODE OF CIV. PROC. § 425,16]**

1  "who are being harmed and who will be harmed" by the curriculum defendants are
2  proposing, even though they advance no evidence that any of it is being taught in their
3  classrooms.

4       Moving defendants have said many things plaintiffs dislike; that there is a
5  difference between teaching Ethnic Studies and teaching multiculturalism (Third
6  Amended Complaint ⁋106), that they favor a curriculum that "denounces capitalism,
7  the traditional family, and the territorial integrity of the lower 48 states" (Third
8  Amended Complaint ⁋20).  The **"Original Draft** Model Curriculum" (emphasis
9  added) also criticizes Israel as a state based on land theft, ethnic cleansing, apartheid,
10 and genocide (Third Amended Complaint ⁋91-92).  Defendants seek to promote the
11 position that Zionism is distinct from Judaism and that Israel's existence and Zionism
12 are morally wrong.  (Third Amended Complaint ⁋102.)[1]

13      Defendants encourage teachers to "consider" being strategic about how they
14 teach to avoid drawing attention to this (Third Amended Complaint ⁋⁋116-117).
15 Plaintiffs simultaneously debunk this, claiming that defendants build public support
16 for this instruction and integrate with a larger movement.  Ibid.

17      Plaintiffs allege that Montaño and Cardona both spoke at an Ethnic Studies
18 Panel UTLA organized in April, 2021, and that unnamed "proponents" of the LESMC
19 stated that the purpose of Ethnic Studies is to "[C]ritique empire, white supremacy,
20 racism, patriarchy, cisheteropatriachy, capitalism ableism, anthropocentrism, and
21 other forms of power and oppression…"  (Third Amended Complaint ⁋9).  UTLA
22 bargained for and got the LAUSD to agree to establish an Ethnic Studies Committee
23 that is comprised of administrators, community members, and four persons appointed
24 by UTLA.  (Third Amended Complaint ⁋36).  Cardona and, on information and belief,
25 Montaño, were appointed by UTLA as two of its representatives. The committee is

26

27 [1]  Although Plaintiffs admit that much of what they disliked in the Original Draft Model Curriculum
   was removed (Dkt. ¶95) they continually refer to content no longer present as evidence of alleged
28 harm.

2

**MONTANO, CARDONA AND LIBERATED ETHNIC STUDIES CURRICULUM CONSORTIUM
SPECIAL MOTION TO STRIKE [CAL. CODE OF CIV. PROC. § 425,16]**

1  purely advisory, and it can merely "review and suggest" teaching and professional

2  development materials. (Third Amended Complaint ¶35).

3      As to Montaño, plaintiffs allege that she holds a doctorate in Education and is

4  Secretary of the Consortium and that she believes that rather than having a program

5  focused on "balance" and "inclusivity", Liberated Ethnic Studies should focus on

6  peoples who have been historically oppressed telling their histories, (Third Amended

7  Complaint ¶ 52).  At the April 2021 UTLA Panel she stated that Ethnic Studies

8  should focus on empower the four racialized ethnic groups (Black Americans,

9  Chicano/Latinos, Native Americans, and Asian American/Pacific Islanders.) (Third

10  Amended Complaint ¶¶ 52, 107).  At the same panel she also stated that the State

11  Department of Education's removal of language critical of Israel and Zionism erased

12  Palestinian voices.  (Third Amended Complaint ¶188.)  When Israel bombed Gaza in

13  2021 LESMCC issued a press release condemning the bombing and also decrying the

14  erasure of Palestinian voices from the State's Ethnic Studies curriculum.  Montaño

15  was listed as the contact person for that press release. (Third Amended Complaint

16  ¶189.)

17      As to Cardona, plaintiffs allege that UTLA appointed her to the Ethnic Studies

18  Committee.  (Third Amended Complaint ¶40).  UTLA also sponsored a professional

19  development webinar Cardona presented, on "Culturally Responsive Teaching".

20  Plaintiffs are silent about the content of that webinar.  (Third Amended Complaint

21  ¶45).[2]  Cardona is the co-founder, CEO, and CFO of the Consortium.  She teaches at

22  the Roybal Learning Center, an LAUSD school.  Plaintiffs allege, purely on

23  information and belief, that she uses "the materials from the LESMC at issue in this

24  case" in her classroom.  (Third Amended Complaint ¶53).

25

26

27  [2] Plaintiffs' assertion that materials used in a teacher training workshop were necessarily used in a
classroom  is unsupported by any factual allegations.

28

1    As to the LESMCC, plaintiffs allege that it has a website from which it

2  removed its material about Palestine before this suit was filed, but nearly all of which

3  was screen captured by plaintiffs. (Third Amended Complaint ¶118).[3]   It believes that

4  the LAUSD's multicultural curriculum is not Ethnic Studies (Third Amended

5  Complaint ¶106).  The Consortium simultaneously advises teachers to "consider"

6  flying under the radar yet at the same time it encourages teachers to publicly grow

7  strong enough as a group. (Third Amended Complaint ¶15(b)).  It warns teachers that

8  they may be attacked by the Jewish Federation, Jewish Community Relations Council,

9  or the Anti-Defamation League, which it characterizes as pro-Zionist. *Ibid.*[4]

10    LESMCC teaches that "critical pedagogy about Israel's role in Palestine is not

11  antisemitic", that (c)riticism of Israel's policies of apartheid and oppression is not

12  antisemitic, that Zionism and Judaism are not one and the same, and that falsely

13  accusing human rights advocates of antisemitism is an explicit strategy of Zionists.

14  *Ibid*.  At one time the LESMCC website contained language encouraging teachers to

15  integrate Palestine into their curricula, suggesting parallels between the doctrine of

16  Manifest Destiny in the United States and the idea of the Promised Land in the Old

17  Testament.  (Third Amended Complaint ¶191).

18  **III.    ARGUMENT**

19      **A.      The Anti-SLAPP statute was enacted to protect against strike**

20              **lawsuits aimed at free speech rights.**

21    Defendants may file a "special motion to strike" any "cause of action against a

22  person arising from any act of that person in furtherance of the person's right of

23  petition or free speech under the United States Constitution or the California

24

25  _____

26  [3] The SAC frequently refers to "defendants" without stating which defendant is being referred to, and sometimes refers to the actual curriculum with the same set of initials it uses for the Consortium. We have tried to identify allegations referring to the Consortium as an organization.

27

28  [4] As with all other well-pleaded allegations, Plaintiffs' implicit denial of these organizations' political stance and activities must be taken as true for purposes of this motion.

1  Constitution in connection with a public issue" C.C.P. § 425.16(b)(1).  Federal courts

2  along with California's Supreme Court have recognized that must be construed

3  broadly to protect against the chilling effect of lawsuits seeking to punish free speech.

4  *Manufactured Home Communities, Inc. v. County of San Diego,* 655 F.3d 1171 (9th

5  Cir. 2011); *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 421 (2016).

6  　　Although the evils to be addressed infect Plaintiffs' entire lawsuit, California's

7  anti-SLAPP statute may only be applied to matters of pendent jurisdiction. *Dean v.*

8  *Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 934 (C.D. Cal. 2022).

9  　　There are two prongs to the anti-SLAPP analysis. In Prong 1 the LESMC

10  Defendants bear the burden of demonstrating that Counts IV and V arise from acts in

11  furtherance of the right of free speech and/or petition.  This burden is "not an onerous

12  one." *Okorie v. L.A. Unified Sch. Dis*t., 14 Cal. App. 5th 574, 590 (2017) (disapproved

13  of on other grounds in *Bonni v. St. Joseph Health Sys*., 11 Cal.5th 995, 1010-11

14  (2021)). The LESMC defendant need only make out a prima facie case that they are

15  being sued because of constitutionally protected free speech rights.  *Doe v. Gangland*

16  *Prods*., 730 F.3d 946, 954 (9th Cir. 2013).

17  　　Once LESMC Defendants have met this burden, Prong 2 requires that the

18  Plaintiffs establish that they will probably prevail. C.C.P. § 425.16(b)(1). This prong

19  is satisfied if the plaintiffs have not shown the complaint to be legally sufficient in

20  every material respect.

21  　　The Court "must take the complaint as it is." *Martin Baker Aircraft Co. v.*

22  *Teledyne Risi, Inc*, 2020 U.S. Dist. LEXIS 186262, at *23, and if plaintiffs fail to

23  carry their burden, the motion to strike must be granted *Simpson Strong-Tie Co. v.*

24  *Gore*, 49 Cal. 4th 12, 21 (2010).

25  //

26  //

27  //

28

**B.**    **Prong 1:  The Allegations Against the LESMC Defendants Arise
From Their Protected Free Speech and Acts in Furtherance of That
Speech.**

Plaintiffs allege that the LESMC defendants have sought to influence statewide
Ethnic Studies curriculum as well as the curriculum to be used by LAUSD.  Plaintiffs
have also alleged that the LESMC Defendants train teachers in how to implement and
use this Ethnic Studies curriculum.  There can be no question that this is protected
speech and protected conduct as described in the facts they allege throughout their
258-paragraph complaint.

Plaintiffs seek to evade anti-SLAPP liability through disingenuous denials that
they actually seek to muzzle speech.  But the very heart of Counts IV and V give the
lie to this, for Plaintiffs allege without evidence that we are conspiring to engage in
publicly funded speech by persuading a public body (LAUSD) that to adopt teaching
materials.  And Plaintiffs cannot help themselves – they insist that even non-
classroom speech threatens them.  (Third Amended Complaint, ¶¶ 228, 233, 239).
They even deny that the LESMC Defendants' speech is protected. (¶ 225).

The fact is that all of this speech is protected.  The LESMC Defendants are
encouraging public school districts and public school teachers to offer instruction
about matters they believe are vital, and which the Plaintiffs find threatening.  All of
this speech and the acts furthering it are protected under the First Amendment and
Article I, §2 of the California Constitution.

Additionally, the LESMC Defendants' right to petition affords further
protection.  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006); *United Mine
Workers v. Pennington*, 381 U.S. 657 (1965).  Public advocacy and organizing around
public education is at the heart of such protected activity.  The LESMC Defendant's
letters, websites, social media posts, petitions, and other material Plaintiffs complain
about all fall squarely under the "public forum" protections of CCP § 425.16(e)(3).
The term "public forum" is to be broadly construed as any place open to the public

6

1  where information may be exchanged, including social media and websites.  *Barrett v.*

2  *Rosenthal*, 40 Cal. 4th 33, 59 n. 4 (2006).

3         Finally, direct communication with other teachers is protected since

4  under California law, teachers have a key role in approving the Ethnic Studies

5  curriculum, as evidenced by the very advisory committee of which Plaintiffs

6  complain.  (Third Amended Complaint, ¶35).  Efforts to persuade the LAUSD to

7  adopt the proposed curriculum are part of an 'official proceeding.'" *Buzayan v. City of*

8  *Davis Police Dep't*, 2007 U.S. Dist. LEXIS 60032 (E.D. Cal. Aug. 8, 2007).

9       **C.    Prong Two:  Plaintiffs cannot carry their burden of showing a**

10             **probability of prevailing on their claims.**

11        The Plaintiffs' claims fail as a matter of law.  The limits of judicial patience and

12  the shortness of human life argue against repeating in full the LESMC Defendants'

13  arguments in their Motion to Dismiss. We will write here only to highlight the

14  absence of facts that might conceivably allow the Plaintiffs to meet this high burden:

15        (1)    Plaintiffs cannot show they are likely to prove concrete and particularized

16  injuries.  And without those injuries, they cannot even demonstrate standing.

17        (2)    Plaintiffs cannot show that this court should resolve theological and

18  geopolitical debates about Judaism, Zionism, Whiteness, or anti-colonialism.

19        (3)    Plaintiffs cannot show that the LESMC Defendants are educational

20  institutions or are engaged in a conspiracy with an educational institution.

21        (4)    Plaintiffs cannot show that LESMC Defendants had any requisite

22  discriminatory intent.

23        (5)    Plaintiffs cannot show that the LESMC Defendants have used in any

24  secondary school classroom a critical examination of Zionism that unfairly burdens

25  the practice of the Jewish religion or deprives Jewish students of their ability to

26  participate in classroom activities.

27  //

28  //

7

# IV.    **CONCLUSION**

There are no facts Plaintiffs could allege to establish standing, and no facts that can turn a private group of educators into state actors.  The LESMC Defendants' speech and acts in furtherance of that speech are the very things the anti-SLAPP statute was means to protect.  The LESMC Defendants' Special Motion to Strike Counts IV and V should be granted without leave to amend.  Pursuant to CCP § 425.16(c)(1), attorneys' fees should be ordered, with the amount should be determined by a later motion.

DATED:  November 13, 2023                    KLEIMAN RAJARAM

By:_____

MARK KLEIMAN

Attorneys for Theresa Montaño, Guadalupe Cardona, and the Liberated Ethnic Studies Model Curriculum Consortium

MONTANO, CARDONA AND LIBERATED ETHNIC STUDIES CURRICULUM CONSORTIUM
SPECIAL MOTION TO STRIKE [CAL. CODE OF CIV. PROC. § 425,16]

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants Moñtano, Cardona, and the Liberated Ethnic Studies Curriculum Consortium certifies that this Motion contains 2,555 words, which complies with the word limit of L.R. 11-6.1.

_____

MARK KLEIMAN

**MOÑTANO, CARDONA AND LIBERATED ETHNIC STUDIES CURRICULUM CONSORTIUM SPECIAL MOTION TO STRIKE [CAL. CODE OF CIV. PROC. § 425,16]**