MICHELE M. GOLDSMITH, SBN 178222
MARINA MELIKYAN, SBN 341213
**BDG LAW GROUP, APLC**
10880 Wilshire Blvd. Suite 1015
Los Angeles, California 90024-4101
Tel: (310) 470-6110
Fax: (310) 474-0931
mgoldsmith@bdgfirm.com
mmelikyan@bdgfirm.com

FILING FEE EXEMPT PURSUANT
TO GOVERNMENT CODE § 6103

Attorneys for Defendant, LOS ANGELES UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, JOHN DOE, AND JANE DOES 1-5,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM; UNITED TEACHERS OF LOS ANGELES; CECILY MYART-CRUZ, THERESA MONTANO, AND GUADALUPE CARRASCO CARDONA, in their individual and official capacities as public employees; AND DOES 1-10,<br><br>Defendants,<br><br>and<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>Nominal Defendant. | Case No. 2:22-cv-03243-FMO (PVCx)<br><br>[Hon. Fernando M. Olguin – Courtroom 6D]<br><br>[Complaint filed: May 12, 2022]<br><br>**DEFENDANT LOS ANGELES UNIFIED SCHOOL DISTRICT'S REPLY, AND MEMORANDUM OF POINTS AND AUTHORITIES, IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: Thursday, December 14, 2023<br>Time: 10:00 a.m.<br>Place: First Street Courthouse<br>350 W. 1ST Street<br>Courtroom 6D |

Nominal Defendant, the Los Angeles Unified School District ("District"), hereby submits its Reply in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") (ECF # 119), filed in this action on October 16, 2023.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed two Oppositions – one that is largely if not entirely directed at the motions to dismiss filed by the Defendants Montano, Cardona, and Liberated Ethnic Studies Model Curriculum ("LESMC Defendants"), and Defendants Cecily Myart-Cruz and the United Teachers Los Angeles ("UTLA Defendants"), and the other that is directed at Defendant Los Angeles Unified School District (the "District"). Still, none of the arguments laid out in the Oppositions alleviate the obvious shortcomings in the Second Amended Complaint ("SAC").

As much as Plaintiffs would argue to the contrary, Plaintiffs seek a judicial declaration that (i) certain teaching materials promoting views not necessarily aligned with their beliefs are inherently racist, and (ii) that district courts have the power to regulate the curriculum public schools can teach in their classrooms. The irony in Plaintiffs' argument is that nowhere in the SAC, nor in their oppositions to Defendants' motions to dismiss, is there reference to any material being used at District schools that is overtly racist or antisemitic. Rather, all there are, are suppositions of what could be.

However, as this Court knows, complaints filed in federal court and the claims which they espouse must be based on facts, not on opinions or future concerns. And it is for this reason why Plaintiffs are unable to establish standing to assert their federal claims: there are simply no facts alleged in the SAC which demonstrate that Plaintiffs, in their individual or representative capacities, have or are likely to suffer an injury in fact as there is no evidence that the District has adopted the curriculum at issue. Plaintiffs have also failed to show ripeness and are unable to get around the immunity the District enjoys under the Eleventh Amendment.

For these reasons, the District respectfully requests that the Court grant its motion to dismiss, and that it be dismissed from this action, even as a nominal defendant.

///

## II. ARGUMENT

Plaintiffs' Opposition to the District's Motion to Dismiss presents two arguments: (1) the Eleventh Amendment does not bar this action because Plaintiffs are seeking only prospective injunctive relief, not money damages, and (2) the Court is empowered to issue an injunction binding District as a nominal defendant. These arguments are flawed, as discussed further below. Additionally, Plaintiffs still do not allege sufficient facts to overcome the threshold issues of ripeness and standing, as further delineated below.

### A. The Eleventh Amendment Applies To The District.

Plaintiffs erroneously argue that the Eleventh Amendment is inapplicable to the District because it does not bar claims seeking only prospective injunctive relief. However, the immunity applies as to the District regardless of whether the District is sued for damages or injunctive relief. In *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), the Supreme Court of the United States dealt with this very issue of whether a mandatory injunction issued against the State of Alabama and its Board of Corrections violated the State's Eleventh Amendment immunity. Indeed, the Supreme Court held that the suit against the State and its Board of Corrections was barred under the Eleventh Amendment. (*Id.*)

Moreover, one need not look further than the very language of the Eleventh Amendment to conclude that its protections apply to suits for injunctive relief. It states: "The Judicial power of the United States shall not be construed to extend to any suit in law **or equity**, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (*emphasis added.*) The Legislature clearly contemplated for the immunity to apply in actions where injunctive relief is sought. In fact, the United States Supreme Court in *Cory v. White*, 457 U.S. 85, 91 (1982) pointed to this language to conclude that "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity. To adopt the suggested rule, limiting the strictures of the

BDG LAW GROUP, APLC
10880 Wilshire Blvd. Suite 1015
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

BDG LAW GROUP, APLC
10880 Wilshire Blvd. Suite 1015
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

Eleventh Amendment to a suit for a money judgment, would ignore the explicit language and contradict the very words of the Amendment itself."

Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state or one of its agencies or departments cannot be sued directly in its own name, regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). Insofar as the District is an agency of the State of California, and because California has not waived its immunity for constitutional claims or state law claims brought directly in federal court, *Brown v. California Dep't of Corr*., 554 F.3d 747, 752 (9th Cir. 2009), *Dittman*, *supra*, 191 F.3d at 1026, dismissal with prejudice for all of Plaintiffs' federal and state law claims against the District is required.

### B.     Plaintiffs' Suit Does Not Require A Nominal Defendant.

Plaintiffs allege that the District is a proper nominal defendant for four reasons, verbatim:

> "(1) Los Angeles imposed the requirement effective August 25, 2020, that all students graduating from high school have taken at least one class in Ethnic Studies, and also integrates Ethnic Studies into the Pre K-8 curricula; (2) LAUSD has thus required that Ethnic Studies be taught but not told teachers how to do that; (3) Defendants, working together and as part of the official Ethnic Studies Committee, have stepped into this vacuum and answered the question the District has left unanswered, with the racist material that is being taught right now and which is at issue in this case; and (4) LAUSD has legal control over the classrooms but is not alleged to have committed the acts alleged as violations of federal and state law in this case."

(Pltfs' Opp. LAUSD's MTD (Dkt. 130), at 3-4 [internal citations omitted].)

However, Plaintiffs' stated reasons do not comport with the definition of a nominal defendant. "A nominal defendant is a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.' The paradigmatic nominal defendant is 'a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.'" *SEC v. Colello,* 139 F.3d 674, 676 (9th Cir. 1998). Alleging that the District created a vacuum by not telling teachers how to teach the Ethnic Studies curriculum does not mean that the District "holds the subject matter of the litigation in a subordinate or possessory capacity," nor does it mean that

the District should be including in this litigation to facilitate collection. Also, alleging that the District has legal control over the classrooms is not sufficient to join the District as a nominal defendant.

It is not alleged that the District is not following the law or its policy regarding Ethnic Studies. It is not alleged that the Division of Instruction (DOI), that division that designs District instruction, has reviewed, or approved antisemitic Ethnic Study courses. It is not alleged that the DOI has ceased issuing the neutrality stance language in Ethnic Studies professional development. Moreover, it is not alleged that the District has ceased processing complaints that may arise from Ethnic Studies curriculum in accordance with the District's policies and procedures regarding nondiscrimination, which absolutely includes antisemitism. The District has a robust set of policies, which is in addition to state-mandated nondiscrimination policies such as the Uniform Complaint Procedures, to ensure nondiscrimination in its educational programs. Plaintiffs do not claim that the District's policies and procedures are deficient. The injunctive relief Plaintiffs seek against the Union and its actors can be implemented without including the District as a party, albeit nominal party, in this litigation.

### C. Plaintiffs Do Not Allege Sufficient Facts for the Matter to be Ripe Against the District.

Still, Plaintiffs have not alleged facts to overcome the fact that the matter is not ripe for adjudication by the Court. A question is fit for decision when it can be decided without considering "contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Cardenas v. Anzai* (9th Cir. 2002) 311 F.3d 929, 934 (internal quotation marks omitted); *see also Addington v. US Airline Pilots Ass'n* (2010) 606 F.3d 1174 and *United States v. Streich* (9th Cir. 2009) 560 F.3d 926, 931, cert. denied, 130 S. Ct. 320, 175 L. Ed. 2d 211 (2009).

The doctrine of ripeness applies to dismiss this suit. The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also

to protect . . . agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-33 (1998) (internal quotation marks and citations omitted).

As of the filing of the instant Reply, the District's DOI had not adopted any curriculum that Plaintiffs can point to that is antisemitic. The District's DOI has not adopted any Ethnic Studies curriculum that contains any of the elements which the California legislature and Governor decided to exclude from Ethnic Studies curriculum. Plaintiffs also have not alleged that the District is not implementing its Uniform Complaint Policies, as they related to teachers who violate District policy and are not neutral in the classroom, as required under policy. That "someday" the District may mandate the alleged antisemitic curriculum in question is not enough to establish a current case in controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 564 (1992) (where "someday" intentions are not concrete plans and do not satisfy the first prong of the constitutional ripeness test).

### D. Plaintiffs Lack Standing To Sue; Disagreement Over School Charter Curriculum Is Not Injury In Fact.

The U.S. Const. art. III standing inquiry serves a single purpose: to maintain the limited role of courts by ensuring they protect against only concrete, non-speculative injuries. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 662 (9th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 583, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Whether a plaintiff has standing (and thus, whether the court has jurisdiction) is a "threshold question" that "is distinct from the merits of his claim." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

To establish standing under the equal protection clause a plaintiff must allege "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision." *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1080 (9th Cir. 1987). The first element, "injury in fact," necessitates a showing of "an invasion of a legally protected interest" that "affect[s] the plaintiff in a personal and individual way." *Fleck and Assoc., Inc. v. Phoenix*, 471 F.3d 1100, 1103 (9th Cir. 2006) (internal citation omitted). A plaintiff seeking to invoke federal court jurisdiction must plead that he has suffered some cognizable injury to make the threshold showing of a case or controversy. See id.

Here, Plaintiffs cannot establish injury in fact. Plaintiffs lack standing to bring their constitutional Equal Protection and Title VI claims because they fail to identify a redressable injury that they personally suffered. Injury in fact—is "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S.Ct. 1540, 1547 (2016); it requires a plaintiff to demonstrate that he/she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). To establish standing to bring a discrimination claim based on the Equal Protection clause or other federal anti-discrimination laws a plaintiff must "show that the challenged classification creates a barrier that makes it more difficult for members of one group to obtain a benefit, or causes non-economic injuries…" *Johnson v. U.S. Off. of Personnel Mgmt.*, 783 F.3d 655, 665 (7th Cir. 2015) (internal citations omitted).

Plaintiffs' SAC fails to meet this standard. It merely alleges that contents of the challenged curriculum cause them to believe that they are not welcomed in any District classroom where – as required by District policy – Ethnic Studies is being taught. Plaintiffs, however, fail to allege or identify how the Ethnic Studies program prevents them from reinforcing their own religious views in the classroom or at home. Without an alleged actual injury or imminent harm, Plaintiffs' allegations, which merely suggest the possibility of racial discrimination and unequal protection of the law, are insufficient to establish standing. *Carroll v. Nakatani*, 342 F.3d 934, 946 (9th Cir. 2003)

"[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984); *Moore v. Bryant*, 853 F.3d 245, 251 (5th Cir. 2017).

Furthermore, the SAC fails to show how the challenged circular has substantially burdened any of the Plaintiffs' sincerely held religious beliefs. "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015); *Boyd v. Etchebehere*, 732 F. App'x 608 (9th Cir. 2018) (mem.) (same); *Stidhem v. Schwartz*, No. 2:15-cv-00379-TC, 2017 WL 6887139, at *3 (D. Or. Oct. 23, 2017), report & recommendation adopted, No. 2:15-cv-00379-TC, 2018 WL 358496 (D. Or. Jan. 10, 2018). The SAC does not provide a single example in which Plaintiffs, or their public-school students have been coerced or forced to act against their religious beliefs based on the challenged curriculum.

## III.   CONCLUSION

For the aforementioned reasons, and those set forth in the moving papers, the District respectfully requests that the Court grant the District's motion to dismiss and, in so doing, dismiss it from this action.

DATED: November 30, 2023

**BDG LAW GROUP, APLC**

By: _____
Michele M. Goldsmith
Marina Melikyan
Attorneys for Defendant, LOS ANGELES UNIFIED SCHOOL DISTRICT

## Affidavit of Compliance with Local Rule 11-6.1

The undersigned, counsel of record for Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT, certifies that this brief, which is the Memorandum of Points and Authorities at pages 1 through 9 only, contains 2,347 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  November 30, 2023

_____
Michele M. Goldsmith