LORI LOWENTHAL MARCUS
*Admitted pro hac vice*
Email: lorilowenthalmarcus@deborahproject.org
JEROME M. MARCUS
*Admitted pro hac vice*
Email: jmarcus@marcuslaw.us
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 664-1184
ROBERT PATRICK STICHT (SBN 138586)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, AMY LESERMAN, LINDSEY KOHN, DANNA ROSENTHAL, And DANIEL ELI<br><br>    Plaintiffs,<br><br>vs.<br><br>LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM; UNTIRED TEACHERS OF LOS ANGELES; CECILY MYART-CRUZ, THERESA MONTANO, AND GUADALUPE CARRASCO CARDONA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS PUBLIS EMPLOYEES; AND DOES 1,10,<br><br>    Defendants,<br><br>    and<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Nominal Defendant. | Case No.: 2:22-cv-03243-FMO(PVCx)<br><br>OMNIBUS OPPOSITION TO DEFENDANTS' SLAPP MOTIONS FOR ATTORNEY'S FEES |

OMNIBUS OPPOSITION TO DEFENDANTS' SLAPP MOTIONS FOR ATTORNEY'S FEES - 1

Defendants' motions for fees under the California SLAPP Act must be denied because Defendants have refused to follow one of the basic rules required for an award of fees under that statute: they have eschewed any obligation to distinguish between work spent on the state law claims and work on the federal claims.

As the court explained in *Garrick v. Garrick*, 2024 U.S. Dist. LEXIS 232125 * at *8; 2024 WL 5213099 (N.D. CA Dec. 23, 2024):

> "work performed on federal claims is not compensable." ECF No. 39 at 11 (quoting *Fallay v. San Francisco City and County, No. 08-cv-2261-CRB, 2016 U.S. Dist. LEXIS 29607, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016)*); *see also* *Kearney, 553 F. Supp. 2d at 1184* (denying award of fees where "defendants' arguments concern[ed] separate and distinct defenses . . . [including] *section 1983* raised in the motion to dismiss.").

Ignoring the substance of the law governing these claims, Defendants justify this by claiming that the issues are so intertwined that separation is impossible. But this is plainly wrong.

The vast majority of the briefing in this case focused on standing and ripeness, both elements of the federal law governing standing. All of the law invoked with respect to those issues was federal law.

But none of this law applies at all to the state law claims, because there is no case or controversy requirement for California state law claims. As the California Supreme Court explained in *Weatherford v. City of San Rafael*, 2 Cal.5th 1241, 1247-1248 (2017)

> Unlike the federal Constitution, our state Constitution has no case or controversy requirement imposing an independent jurisdictional limitation on our standing doctrine. (See *Grosset v. Wenaas (2008) 42 Cal.4th 1100, 1117, fn. 13 [72 Cal. Rptr. 3d 129, 175 P.3d 1184]* [noting the absence of a case or controversy requirement in the California Constitution].)

The time Defendants' counsel spent researching and briefing standing and ripeness issues necessarily related *only* to federal claims and is therefore not compensable.

OMNIBUS OPPOSITION TO DEFENDANTS' SLAPP MOTIONS FOR ATTORNEY'S FEES - 2

Yet Defendants have refused to tell the Court or Plaintiffs how much of their time was spent on these, exclusively federal, issues, on the erroneous ground that federal stand state standing requirements are identical.

Further evidence that state law was complete ignored is that California standing law has its own unique paradigm, which appears nowhere in Defendants' briefing.  The *Weatherford* decision expanded on California's state law standing doctrine, explaining that "Our standing jurisprudence nonetheless reflects a sensitivity to broader prudential and separation of powers  considerations elucidating how and when parties should be entitled to seek relief under particular statutes." Id. at 1248.

But no Defendant invoked any of these concepts in their briefing, and this Court's opinion is bereft of any mention of them.  California standing law was completely ignored by defendants and by this Court. Federal law was the only standing law discussed.

Yet federal standing law necessarily relates only to standing to bring federal claims.  And time spent litigating federal claims is not compensable under the SLAPP Act.

The time spent dealing with these topics is not compensable on this motion.

Defendants' refusal to distinguish what time was spent on these entirely segregable federal issues requires that their motions for fees be denied.  *Garlick, supra.*

OMNIBUS OPPOSITION TO DEFENDANTS' SLAPP MOTIONS FOR ATTORNEY'S FEES - 3

January 30, 2025                                    Respectfully submitted,

                                                    THE DEBORAH PROJECT

                                                    By:   <u>/s/ Lori Lowenthal Marcus</u>
                                                              LORI LOWENTHAL MARCUS

                                                                <u>/s/ Jerome M. Marcus</u>
                                                               JEROME M. MARCUS

                                                  JUDICIAL WATCH, INC.

                                                 By:   <u>/s/ Robert Patrick Sticht.</u>
                                                               ROBERT PATRICK STICHT

                                                                  Attorneys for Plaintiffs

OMNIBUS OPPOSITION TO DEFENDANTS' SLAPP MOTIONS FOR ATTORNEY'S FEES - 4