IRA L. GOTTLIEB (SBN 103236)
MICHAEL E. PLANK (SBN 290943)
ADAM KORNETSKY (SBN 336919)
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for United Teachers Los Angeles and Cecily Myart-Cruz

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, AMY LESERMAN, LINDSEY KOHN, DANNA ROSENTHAL, AND DANIEL ELI,<br><br>Plaintiffs,<br>vs.<br>LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM; UNITED TEACHERS LOS ANGELES; CECILY MYART-CRUZ, THERESA MONTANO, AND GUADALUPE CARRASCO CARDONA, in their individual and official capacities as public employees; AND DOES 1-10,<br><br>Defendants,<br>and<br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>Nominal Defendant. | **CASE NO. 2:22-cv-03243-FMO-PVC**<br><br>**UTLA DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DEFER HEARING ON MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**DATE: APRIL 24, 2025**<br>**TIME: 10:00 A.M.**<br>**COURTROOM 6D** |

1278421v1  11250-32004

Defendants United Teachers Los Angeles and Cecily Myart-Cruz ("UTLA Defendants") object to and oppose Plaintiffs' "Motion to Defer Oral Argument" ("Request").

1.	The Court should disregard the Motion because it does not comply with the applicable Local Rules for filing a motion or an *ex parte* application. Local Rule 7-4 authorizes the Court to "decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." Plaintiffs' motion does not specify a hearing date, and is aimed at derailing the hearing date on the long-scheduled April 24 motion for attorneys fees. Plaintiffs may be attempting to obtain an *ex parte* order to that end, but their motion does not comply with Local Rules 7-19 and 7-19.1 concerning *ex parte* applications. It is not accompanied by a proposed order or a sworn statement; these defects provide sufficient reason to reject Plaintiffs' request. *Smith v. Doe* (C.D.Cal. May 9, 2024, No. CV 23-5033 WLH (RAO)) 2024 U.S.Dist.LEXIS 110164.)("To obtain ex parte relief, the moving party must show that it 'will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures,' and that the moving party 'is without fault in creating the crisis that requires ex parte relief.", *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)"). See also, *Havensight Capital, LLC v. Facebook, Inc.* (C.D.Cal. Sep. 24, 2018, No. CV 17-6727 FMO (MRWx)) 2018 U.S.Dist.LEXIS 163469 fn. 25[declining to consider argument based on formal defects noted in Local Rules.). Plaintiffs provide no explanation for their failure to follow the Local Rules, much less an explanation as to the prejudice they will experience if this Court rejects their motion to defer the hearing.

2.	As for the substance of the Request, this Court should not delay hearing or a decision, potentially indefinitely, based on speculation that a higher court *might* overturn decades of settled anti-SLAPP law. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Lockyer v. Mirant Corp.*, 398

F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936))  *See also Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("the [lower court] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.") Here, the parties requesting further delay have exhibited a pattern of creating or expanding undue delay throughout the litigation. They should not be allowed to forestall a ruling requiring them to pay attorneys fees to the prevailing parties.

Instead, this Court should issue an order as soon as possible to continue to make progress toward the anti-SLAPP objective of making Defendants whole for having to defend this meritless litigation brought by Plaintiffs for the purpose of suppressing their protected speech, and conversely, imposing just and legally established consequences upon Plaintiffs for bringing it. *Garrett v. Hine* (E.D.Cal. June 7, 2022, No. 1:21-cv-00845-DAD-BAK) 2022 U.S.Dist.LEXIS 102321 (Attorneys fees available to anti-SLAPP defendants even after plaintiffs voluntarily withdraw state law claims after filing of special motion to strike); *Prehired, LLC v. Provins* (E.D.Cal. Mar. 29, 2023, No. 2:22-cv-00384-DAD-AC) 2023 U.S.Dist.LEXIS 55275.)("The so-called 'anti-SLAPP' statute provides a means of quickly identifying and eliminating SLAPP actions through early dismissal. Because SLAPP suits seek to deplete 'the defendant's energy' and drain 'his or her resources,' the legislature sought 'to prevent SLAPPs by ending them early and without great cost to the SLAPP target.' *Kibler v. N. Inyo Cnty. Local Hosp. Dist.*, 39 Cal. 4th 192, 197 (2006)").

| | |
|---|---|
| DATED:  April 21, 2025 | IRA L. GOTTLIEB<br>MICHAEL E. PLANK<br>ADAM KORNETSKY<br>BUSH GOTTLIEB, A Law Corporation |

_____
   ADAM KORNETSKY
Attorneys for United Teachers Los Angeles and Cecily Myart-Cruz