**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, <u>et</u> <u>al.</u>, ) ) ) Plaintiffs, ) ) v. ) ) LIBERATED ETHNIC STUDIES MODEL ) CURRICULUM CONSORTIUM, <u>et</u> <u>al.</u>, ) ) Defendants. ) ) | Case No. CV 22-3243 FMO (Ex) **ORDER RE: PENDING MOTIONS FOR ATTORNEY'S FEES** |

Having reviewed and considered all the briefing filed regarding the motions for attorney's fees filed by the United Teachers of Los Angeles ("UTLA") and UTLA president Cecily Myart-Cruz ("Myart-Cruz") (collectively, the "UTLA defendants"), (<u>see</u> Dkt. 155, Motion for Attorneys Fees ("UTLA Motion")), and by the Liberated Ethnic Studies Model Curriculum Consortium ("Consortium"), Theresa Montaño ("Montaño"), and Guadalupe Carrasco Cardona ("Cardona") (collectively, the "Consortium defendants"), (<u>see</u> Dkt. 156, Motion for Attorneys' Fees ("Consortium Motion")), the court finds that oral argument is not necessary to resolve the Motions, <u>see</u> Fed. R. Civ. P. 78(b); Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**[1]

The Concerned Jewish Parents and Teachers of Los Angeles ("CJPTLA") initiated this action on May 12, 2022. (Dkt. 1, Compl. at ¶ 19). On October 16, 2023, CJPTLA, Amy Leserman, Lindsey Kohn, Danna Rosenthal, and Daniel Eli (collectively, "plaintiffs"), filed the operative Second Amended Complaint, (Dkt. 119, "SAC"), against the following defendants: (1) UTLA and UTLA president Myart-Cruz, (see id. at ¶¶ 33 & 49); (2) the Consortium, a non-profit organization that helped develop the curriculum at issue, Montaño, the Consortium's secretary, and Cardona, the Consortium's co-founder, (see id. at ¶¶ 50, 52 & 53); and (4) the Los Angeles Unified School District, as a nominal defendant. (Id. at ¶ 63).

In their SAC, plaintiffs assert claims under 42 U.S.C. § 1983 for violations of: (1) the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV; and (2) the Free Exercise Clause of the First Amendment, U.S. Const. amend. I. (See Dkt. 119, SAC at ¶¶ 226-36). Plaintiffs also assert claims under: (1) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq.; (2) the Equal Protection Clause of the California Constitution, Cal. Const. art. I, § 7; and (3) Cal. Educ. Code §§ 220, 51500, 51501 & 51225.3(a)(1)(G)(ii). (See id. at ¶¶ 226-30, 237-58). Plaintiffs seek declaratory and injunctive relief, as well as attorney's fees and costs. (See id., Prayer for Relief at 71-73).

Both the UTLA and Consortium defendants filed Motions to Dismiss and Motions to Strike. (See Dkt. 121, "UTLA MTD"); (Dkt. 122, "UTLA MTS"); (Dkt. 124, "Consortium MTD"); (Dkt. 125, "Consortium MTS"). On November 30, 2024, the court granted defendants' motions and dismissed the SAC without leave to amend. (See Dkt. 145, Court's Order of November 30, 2024 at 49).

**LEGAL STANDARD**

State law applies to the right to recover attorney's fees for state law claims in a federal court action. See Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n. 2 (9th Cir. 2000) ("[A]

---

[1] Because the parties are familiar with the facts of this case, the court briefly recounts only the facts relevant to the instant Motions.

federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."); Rodriguez v. Cnty. of Los Angeles, 96 F.Supp.3d 1012, 1018 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018) ("It is well established that this Court may award fees pursuant to state law for state law claims."); Egelhoff v. Pac. Lightwave, 2013 WL 12125913, *1 (C.D. Cal. 2013) ("When exercising supplemental jurisdiction over state law claims, federal courts must determine attorneys' fees by applying state law."). Under California's anti-SLAPP law, a prevailing defendant is entitled to recover attorney's fees and costs. See Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."). The anti-SLAPP law and its fee-shifting provision apply in federal court. See Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004) ("[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail."); Graham-Sult v. Clainos, 756 F.3d 724, 751 (9th Cir. 2014) ("State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute."); see, e.g., Novel v. Los Angeles Cnty. Sheriff's Dep't, 2020 WL 3884438, *1 (C.D. Cal. 2020) (awarding attorney's fees under anti-SLAPP statute).

In general, fees awarded under the anti-SLAPP statute are determined using the "lodestar" method, i.e., "the product of the number of hours reasonably expended multiplied by the reasonable hourly rate." Mireskandari v. Daily Mail & Gen. Tr. PLC, 2014 WL 12586434, *11 (C.D. Cal. 2014), aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd., 665 F.Appx. 570 (9th Cir. 2016) ("As the California Supreme Court has noted, the typical starting point for determining an award of attorneys' fees under § 425.16(c) is calculation of the 'lodestar' amount[.]"); Ketchum v. Moses, 24 Cal.4th 1122, 1136 (2001) ("[T]he lodestar adjustment approach should be applied to fee awards under Code of Civil Procedure section 425.16[.]"). When "determining the fee award pursuant to section 425.16, the court . . . in appropriate cases may include a fee enhancement for the purpose of compensating the attorney for contingent risk, exceptional skill or other factors." Jackson v. Yarbray, 179 Cal.App.4th 75, 93 (2009) (citation omitted).

**DISCUSSION**

The UTLA and Consortium defendants move for attorney's fees and costs as the prevailing parties on their anti-SLAPP motions.[2]  (See Dkt. 155, UTLA Motion at 1); (Dkt. 156, Consortium Motion at 1).  The UTLA defendants seek a lodestar of $293,450.75 for fees incurred in connection with their anti-SLAPP motions, $47,907 in fees for the attorney's fees motion, $7,230 for their reply, and costs in the amount of $438.60.  (Dkt. 155, UTLA Motion at 1-2); (Dkt. 161, Reply in Support of UTLA Defendants' Motion for Attorneys Fees and Costs ("Reply") at 1).  The Consortium defendants seek a lodestar of $177,460 for fees incurred in connection with their anti-SLAPP motions and $35,150 for the attorney's fees motion, for a total of $212,610.[3]  (Dkt. 156, Consortium Motion at 18).  The Consortium defendants also seek an enhancement, though they do not specify by how much.  (See id. at 16-18).

In response to the Motions, plaintiffs submitted a consolidated two-page opposition arguing that the Motions "must be denied because Defendants have . . . eschewed any obligation to distinguish between work spent on the state law claims and work on the federal claims." (Dkt. 160, Opp. at 2).  More specifically, they argue that "[t]he vast majority of the briefing in this case focused on standing and ripeness, both elements of the federal law governing standing," and that "none of this law applies at all to the state law claims[.]"  (See Dkt. 160, Opp. at 2).

Plaintiffs' argument is unpersuasive, as plaintiffs appear to misunderstand the import of threshold jurisdictional issues in federal court – plaintiffs asserting state law claims in federal court "must also satisfy the federal standing requirements under Article III." Birdsong v. Apple, Inc., 590 F.3d 955, 960, n. 4 (9th Cir. 2009).  The briefing regarding these issues thus applied equally to plaintiffs' federal and state claims.  Furthermore, plaintiffs' federal and state claims overlapped

---

[2]  The parties do not dispute that the UTLA and Consortium defendants are "prevailing defendant[s]" within the meaning of Cal. Civ. Proc. Code § 425.16(c)(1).  (See Dkt. 155, UTLA Motion at 7); (see, generally, Dkt. 160, Plaintiffs' Opposition[] ("Opp.")).

[3]  Although the Consortium defendants seek compensation for 37 hours spent on the attorney's fees motion and an anticipated 15 hours on the reply, (see Dkt. 156, Consortium Motion at 18), the Consortium defendants did not ultimately file a reply. (See, generally, Dkt.).  Thus, the court only considers the requested 37 hours for the attorney's fees motion, which would amount to $35,150 at counsel's requested hourly rate of $950.  (37 hours x $950 = $35,150).

significantly, such that defendants' work on the former was largely integral to the latter. (See Dkt. 145, Court's Order of November 30, 2024, at 31, 35-36 & 44) (noting overlap between claims and relying on federal law to analyze some state claims); see, e.g., Laub v. Horbaczewski, 2024 WL 3466181, *7 (C.D. Cal. 2024) ("Where a party brings both anti-SLAPP and non-anti-SLAPP motions in response to a pleading, the fees associated with the motions need not be apportioned if the motions are inextricably intertwined or significantly overlap."); Kearney v. Foley & Lardner, 553 F.Supp.2d 1178, 1184 (S.D. Cal. 2008) ("[P]laintiff should not be permitted to avoid imposition of attorneys' fees for a motion to dismiss when the factual and some legal bases for the claims are inextricably intertwined as they are in the present action."); Manufactured Home Communities, Inc. v. Cnty. of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (affirming fee award where "[t]he district court specifically found that the fees from the first motion to strike were 'integral' in achieving the second anti-SLAPP motion and that the work related to each of these statements was overlapping") (internal quotation marks omitted); see also Graham-Sult, 756 F.3d at 752 (The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.").

Plaintiffs have not provided any specific basis for challenging the reasonableness of the requested fees and have thus waived all such objections to the fees. See Ortega v. BMW of N. Am., LLC, 2019 WL 6792798, *2 (C.D. Cal. 2019) ("Failure to submit evidence on any specific aspect of Plaintiff's fee claim results in waiver of any objection."); Shagoofa v. Eshaqzi, 2024 WL 1600657, *6 (C.D. Cal. 2024) (noting that failure to challenge requested hourly rate may be deemed waiver); see also McGrath v. Cnty. of Nevada, 67 F.3d 248, 255 (9th Cir. 1995) (holding that fee opponent "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged"); Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994) (holding that fee opponents who did not make specific objections to fees had failed to meet burden of rebuttal); Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 296 (9th Cir. 1997), rev'd on other grounds sub. nom. Feltner v. Columbia Pictures Television, Inc.,

523 U.S. 340 (1998) (holding that where fee opponent did "not cite[] any specifics in support of his contention," he failed to show that district court abused its discretion in declining to exclude certain hours from fee award).  In any event, having conducted its own independent review of the fee requests, the court is persuaded that the UTLA and Consortium defendants' fee requests are reasonable.  See Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1992) (holding that the court has a duty "to independently review plaintiffs' fee request").

A.    Reasonable Hourly Rate.

To determine the appropriate lodestar amount, the court assesses the reasonableness of the hourly billing rate.  See Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident Ins. Co., 25 F.3d 743, 750 (9th Cir. 1994).  In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).  The relevant community is the forum where the district court sits.  Id.  Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

1.    **UTLA Defendants.**

Counsel for the UTLA defendants, Ira Gottlieb, has been in practice since 1982, representing labor organizations and working people.  (See Dkt. 155-1, Declaration of Ira Gottlieb ("Gottlieb Decl.") at ¶ 23).  Gottlieb has practiced for over 42 years and has "substantial experience in anti-SLAPP actions[,]" civil rights, labor, and employment cases.  (See id. at ¶¶ 7, 23-25).  Lisa Demidovich, a partner at Bush Gottlieb, has been practicing for over 16 years.  (See id. at ¶ 26).  Adam Kornetsky and Sophie Newman, both associates, have been practicing since 2018 and 2023, respectively.  (See id. at ¶¶ 27-28).

The UTLA defendants request a billing rate of $1050 per hour for Gottlieb, $800 for Demidovich, $450 for Kornetsky, and $150 for Newman.  (See Dkt. 155, UTLA Motion at 13-14).  In support, Gottlieb provides a declaration opining that the rates are reasonable and cites cases in which analogous rates were approved as well as cases in which his firm's billing rates were

supported by expert declarations and approved.  (See Dkt. 155-1, Gottlieb Decl. at ¶¶ 37 & 40-45); United Steelworkers, 896 F.2d at 407 (concluding that "[a]ffidavits of the plaintiffs' attorney . . . and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate").  He also attaches declarations that were submitted in support of his firm's billing rates in prior cases.  (See Dkt. 155-1, Exhs. 5-8).

The court finds that the UTLA defendants' requested hourly rates are in line with the rates charged in the community for similar services by lawyers of comparable skill, experience, and reputation, and that these rates are reasonable.  See Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984) (noting that a rate "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation . . . is normally deemed to be reasonable"); see, e.g., Title Tracy Anderson Mind & Body, LLC v. Roup, 2023 WL 6890744, *3 (C.D. Cal. 2023) (awarding similar or higher rates for anti-SLAPP work); Biden v. Ziegler, 2024 WL 4452492, *3 (C.D. Cal. 2024) (same).

2.     **Consortium Defendants.**

Counsel for the Consortium defendants, Mark Allen Kleiman, has practiced for over 40 years, and while he primarily specializes in representing whistleblowers, he has also litigated civil rights and constitutional cases involving academic freedom.  (See Dkt. 156-3, Declaration of Mark Allen Kleiman ("Kleiman Decl.") at ¶¶ 1-2).  The Consortium defendants request a billing rate of $950 per hour for Kleiman.  (See Dkt. 156, Consortium Motion at 15).  In support, Kleiman submits the declaration of Matthew Strugar, a civil rights and constitutional lawyer, who opines that "$950 is well below the reasonable market rate for an attorney of Mr. Kleiman's skill, experience, and reputation in Los Angeles."  (Dkt. 156-2, Declaration of Matthew Strugar at ¶¶ 2, 13-14, 16 & 18-22).  Strugar bases his assessment in part on the Real Rate Report, his own approved rate, and rates approved in other anti-SLAPP cases.  (See id. at ¶¶ 12-22).  Kleiman also attaches a declaration from a civil rights attorney submitted in another case, where the attorney notes her rate is $1,150.  (Dkt. 156-3, Exh. 1, Declaration of Carol A. Sobel at ¶ 22).  Finally, Kleiman indicates that he "reduced the total lodestar amount by twenty percent to account for [the] reduced

efficiency" of having handled the case himself because he has no junior associates. (See Dkt. 156-3, Kleiman Decl. at ¶ 21).

Based on the evidence submitted, the court finds that the Consortium defendants' requested hourly rate is in line with the prevailing market rate and therefore reasonable. See Blum, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11; see, e.g., Title Tracy Anderson, 2023 WL 6890744, at *3 (awarding similar or higher rates for anti-SLAPP work): Ziegler, 2024 WL 4452492, at *3 (same).

B.    Reasonably Expended Hours.

Next, the court assesses the "number of hours reasonably expended on the litigation." See Credit Managers Ass'n of S. Cal., 25 F.3d at 750. "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation marks omitted).

1.    **UTLA Defendants**.

The UTLA defendants seek compensation for 556.8 hours of work, "all of which were incurred in furtherance of the anti-SLAPP motion[,]" 99.7 hours for the fees motion, and 12.6 hours for the reply. (See Dkt. 155-1, Gottlieb Decl. at ¶¶ 32 & 46); (Dkt. 161, Reply at 5). The UTLA Defendants' request is substantiated by billing records. (See Dkt. 155-1, Gottlieb Decl. ¶ 46 & Exhs. 1 & 9); (Dkt. 161-1, Supplemental Declaration of Ira Gottlieb at ¶¶ 4-6).

Having reviewed the entries and based on its own familiarity with the case, the court concludes that the requested hours were reasonably expended and warrant compensation. See, e.g., Open Source Sec., Inc. v. Perens, 2018 WL 2762637, *1 (N.D. Cal. 2018), aff'd, 803 F.Appx. 73 (9th Cir. 2020) (awarding attorneys' fees based on a total of 446 hours incurred in connection with anti-SLAPP motion).

/ / /

/ / /

2.    **Consortium Defendants.**

The Consortium defendants seek compensation for about 186.8 hours of anti-SLAPP work[4] and 37 hours for the fee motion. (See Dkt. 156, Consortium Motion at 18). This request is supported by billing records. (See Dkt. 157, Notice of Errata, Exh. 5).

Having reviewed the evidence and based on its own familiarity with the litigation, the court concludes that the requested hours were reasonably expended and warrant compensation. See, e.g., Open Source, 2018 WL 2762637, at *1.

C.    Fee Enhancement.

In some circumstances, an award of attorney's fees under the anti-SLAPP statute may be enhanced by a multiplier. See Ketchum, 24 Cal.4th at 1132-33 & 1139. "A 'multiplier' is a number, such as 1.5 or 2, by which the base lodestar figure is multiplied in order to increase (or decrease) the award of attorneys' fees on the basis" of several factors. Gutierrez v. Wells Fargo Bank, N.A., 2015 WL 2438274, *7 (N.D. Cal. 2015); see Laffitte v. Robert Half Int'l Inc., 1 Cal.5th 480, 489 (2016) ("Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented."). In California, courts consider several factors in determining whether an enhancement is warranted, including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum, 24 Cal.4th at 1132.

The Consortium defendants seek an enhancement of the fee award, though they do not request a specific multiplier. (See Dkt. 156, Consortium Motion at 16-18). They contend that an enhancement is warranted because of the broader significance of the result, the novel questions raised by the litigation, the contingent risk undertaken, and the fact that counsel took on a

---

[4] Although the Consortium defendants do not provide a total hourly estimate, based on their requested fees of $177,460, (see Dkt. 156, Consortium Motion at 18), this would amount to about 186.8 hours of work based on a rate of $950 per hour. ($177,460 / $950 = 186.8 hours).

9

politically risky and potentially undesirable case. (See id.). In his declaration, Kleiman, who took the case on contingency, discusses the multiparty nature of the case, the media attention the case received, the risk of "ostracization and the loss of business" for defending free speech in support of an unpopular cause, and notes that "the vindication of educators' First Amendment protections will have at least a statewide impact[.]" (See Dkt. 156-3, Kleiman Decl. at ¶¶ 12, 15, 16, 18 &19). Kleiman also submits the declaration of Stephen F. Rohde, an experienced civil rights attorney who notes the undesirability of this particular case and the complexity of civil rights and civil liberties cases more generally. (See Dkt. 156-1, Declaration of Stephen F. Rohde at ¶¶ 2, 5 & 7) ("Many lawyers would have shied away from taking this case out of fear for their careers and reputations.").

Under the circumstances here, the court agrees that a modest multiplier is warranted due to the contingent risk, the complexity of the issues involved, the potential undesirability of the case, and the accompanying risk of ostracization, factors which are not already reflected in the lodestar.[5] See Graham v. DaimlerChrysler Corp., 34 Cal.4th 553, 579 (2004), as modified, (Jan. 12, 2005) ("One of the most common fee enhancers . . . is for contingency risk."); Ridgeway v. Wal-Mart Stores Inc., 269 F.Supp.3d 975, 997-99 (N.D. Cal. 2017) (finding that the contingent risk, novelty, difficulty, and complexity of the case weighed in favor of a multiplier). Additionally, Kleiman's rate

---

[5] Although the California Supreme Court has observed that "the undesirability of the case" may be one of the factors already reflected in the reasonable hourly rate, see Ketchum, 24 Cal.4th at 1139, the relevant market here does not appear to compensate for this factor, and the court may thus consider enhancement on this basis. See id. at 1134 (implying the list of factors is not exhaustive by noting the lodestar figure may be adjusted "based on consideration of factors specific to the case"); Lealao v. Beneficial California, Inc., 82 Cal.App.4th 19, 40 (2000) ("[N]either in Serrano III nor in any other opinion has our Supreme Court carved the factors used in that case into concrete or barred consideration of other relevant and nonduplicative factors; nor have the courts of appeal sought to do so."). Additionally, given that "[l]odestar analysis is generally the same under California law and Federal law[,]" Rodriguez, 96 F.Supp.3d at 1017, aff'd, 891 F.3d 776 (9th Cir. 2018), it is worth noting that the Ninth Circuit has held that the "undesirability" of a case may be a factor warranting enhancement of the lodestar. See Camacho, 523 F.3d at 982 n. 1 (9th Cir. 2008); Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 697 (9th Cir. 1996) ("Such an enhancement is clearly necessary to a reasonable fee where the district court finds that the case is of the type that attorneys are unwilling to take for fear of ostracization. . . . Such a consideration is not ordinarily reflected in the lodestar, and we find that it was clearly not reflected in the lodestar in this particular instance.").

appears to be on the lower end of the prevailing market rate.  See Donovan v. Poway Unified Sch. Dist., 167 Cal.App.4th 567, 628 (2008) ("We conclude the court acted within its discretion when it added a 0.25 multiplier to the base amount of fees awarded plaintiffs, particularly in light of its finding the hourly rate of plaintiffs' attorneys was in the 'low range' of reasonable."). Accordingly, the court will apply a multiplier of 1.2 to the Consortium defendants' anti-SLAPP fees request.[6] See, e.g., Lunada Biomedical v. Nunez, 230 Cal.App.4th 459, 487-88 (2014) (affirming multiplier of 1.25 based on contingency risk in anti-SLAPP case); Bender v. Cnty. of Los Angeles, 217 Cal.App.4th 968, 988 (2013) (affirming 1.2 multiplier based on contingency risk and skill factors); Bernardi v. Cnty. of Monterey, 167 Cal.App.4th 1379, 1399 (2008) (affirming 1.25 multiplier based on contingency risk and significant delay in getting paid).

   D.   Summary of Attorney's Fees.

In sum, the court awards the following reasonable attorney's fees:

   1.   **UTLA Defendants:**[7]

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Gottlieb | $1050 | 117.38 | $123,249 |
| Demidovich | $800 | 57.5 | $46,000 |
| Kornetsky | $450 | 363.04 | $163,368 |
| Newman | $175 | 91.3 | $15,977.50 |

---

   [6] A contingency fee enhancement does not apply to fees for fee litigation.  See Ketchum, 24 Cal.4th at 1142 ("[I]t was error for the superior court to apply an enhancement for contingent risk to the fees on fees accrued after the motion to strike was granted.").

   [7] The hours sought by attorneys Demidovich and Newman are taken from the table presented by the UTLA Defendants in their Motion and Gottlieb's accompanying declaration. (See Dkt. 155, UTLA Motion at 12-14); (Dkt. 155-1, Gottlieb Decl. at ¶ 33).  The hours for Gottlieb and Kornetsky reflect the sums of the hours presented in the same table, the hours devoted to the attorney's fees motion as modified by the UTLA defendant's self-imposed 40% discount, (see Dkt. 155-1, Gottlieb Decl. at ¶ 46), and the hours devoted to the Reply. (See Dkt. 161-1, Supplemental Declaration of Ira Gottlieb at ¶ 6).  The summation of Gottlieb's hours can thus be represented as follows: 79.8 anti-SLAPP hours + (58.3*0.6) Motion hours + 2.6 Reply hours = 117.38 hours.  The summation of Kornetsky's hours can be represented as follows: 328.2 anti-SLAPP hours + (41.4*0.6) Motion hours + 10 Reply hours = 363.04 hours.

| | | 669.1 | **$348,594.50**[8] |
|---|---|---|---|

2. **Consortium Defendants:**

| Attorney | Hourly Rate | Hours | Total (anti-SLAPP) |
|---|---|---|---|
| Kleiman | $950 | 186.8 | $177,460 |

$177,460 (fees for anti-SLAPP work) x 1.2 (multiplier) = **$212,952** (anti-SLAPP total)

| Attorney | Hourly Rate | Hours | Total (fees motion) |
|---|---|---|---|
| Kleiman | $950 | 37 | $35,150 |

Total attorney's fees for anti-SLAPP work and fees motion: **$248,102**

II.    COSTS.

The UTLA Defendants also seek costs not taxable by the clerk in the amount of $438.60. (Dkt. 155, UTLA Motion at 1).  The relevant state statutes provide that costs are recoverable. See Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."); Cal. Civ. Proc. Code § 1032(b) ("Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.").  Plaintiffs do not challenge the sum requested. (See, generally, Dkt. 160, Opp.).  After reviewing the UTLA defendants' records, (see Dkt. 155-1, Gottlieb Decl. ¶¶ 47-48 & Exh. 1, Costs as of December 23, 2024 at ECF 47), the court finds the amount in costs reasonable and awards the full amount of $438.60 in costs.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. The UTLA defendants' Motion for Attorneys Fees (**Document No. 155**) is **granted**.  The UTLA defendants shall be awarded a total of **$348,594.50** in reasonable attorney's fees and **$438.60** in costs.

---

[8] Although the total requested by the UTLA defendants is $348,587.75, (see Dkt. 155, UTLA Motion at 14), there appears to be a calculation error on page 14 with respect to the value of Kornetsky's services, as $450 x 328.2 = $147,690.

2. The Consortium defendants' Motion for Attorney's Fees (**Document No. 156**) is **granted**. The Consortium defendants shall be awarded **$248,102** in reasonable attorney's fees and costs.

3.  Judgment shall be entered accordingly.

Dated this 23rd day of May, 2025.

/s/
_____
Fernando M. Olguin
United States District Judge
