UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-5

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 22-3243 FMO (PVCx)** | Date | **October 5, 2026** |
| Title | **Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al.** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiffs: | Attorney Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Re: Further Proceedings**

Pursuant to the Ninth Circuit's Mandate (Dkt. 179), IT IS ORDERED THAT:

1. Plaintiffs shall file a Fourth Amended Complaint[1] no later than **October 26, 2026**, attempting to cure the deficiencies noted in the Ninth Circuit's Memorandum filed on September 4, 2026, (Dkt. 178), and this Court's Order of November 30, 2024 (Dkt. 145).

2. The fourth amended complaint must be labeled "Fourth Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 22-3243 FMO (PVCx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Fourth Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

3. Plaintiffs are cautioned that failure to timely file a Fourth Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

[1] As the court noted in its prior order, some of the earlier amended complaints were mislabeled. (See Dkt. 145, Court's Order of November 30, 2024, at 3 n. 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 22-3243 FMO (PVCx)** | Date | **October 5, 2026** |
| Title | **Concerned Jewish Parents and Teachers of Los Angeles, et al. v. Liberated Ethnic Studies Model Curriculum Consortium, et al.** | | |

4. Defendants shall file their Answer to the Fourth Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **November 9, 2026**.

5. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **November 2, at 10:00 a.m.**[2] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

00 : 00

Initials of Preparer vdr

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.